J-E01005-15

2015 PA Super 226

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEE ALLEN KIMMEL, | |
| Appellant | No. 126 MDA 2013 |

Appeal from the Judgment of Sentence December 18, 2012
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003380-2011

BEFORE:  BOWES, DONOHUE, SHOGAN, LAZARUS, MUNDY, OLSON, WECHT, STABILE, and JENKINS, JJ.

OPINION BY SHOGAN, J.:                    **FILED OCTOBER 29, 2015**

Appellant, Lee Allen Kimmel, appeals from the judgment of sentence entered on December 18, 2012, in the Cumberland County Court of Common Pleas.  Appellant claims that his convictions for driving under the influence of alcohol and fleeing or attempting to elude a police officer should merge for sentencing purposes.  After careful review, we conclude that Appellant's convictions arose from separate criminal acts.  Therefore, the convictions do not merge for sentencing.  Accordingly, we affirm.

The factual background and procedural history of this case are as follows.  At approximately 10:45 p.m. on November 22, 2011, Cumberland County dispatch received a call relaying that there was a man, later identified as Appellant, who appeared to be very intoxicated at the Sheetz

convenience store in Mt. Holly Springs. The caller provided a description of Appellant and the license plate number of Appellant's pickup truck. Before police could arrive at the Sheetz, Appellant departed the property via Mill Street. Less than a minute later, Mt. Holly Springs Police Officer Jason Beltz arrived at the Sheetz. He then proceeded on Mill Street in the same direction as Appellant.

Approximately 3,000 feet farther down Mill Street, Officer Beltz crossed into South Middletown Township and eventually turned onto Zion Road. Officer Beltz turned onto Zion Road because he had been informed of Appellant's address, and the officer was aware that if Appellant was heading home, he would likely make that turn. Officer Beltz activated his emergency lights when he saw Appellant drive into a posted no-trespass area.

When Officer Beltz stopped and approached Appellant, Appellant had difficulty locating his license and registration. Appellant's breath had an odor of alcohol, his speech was slurred, and he was unstable on his feet when he exited the truck. Appellant told Officer Beltz that he did nothing wrong, reentered his truck, and attempted to drive away. Officer Beltz reached in the truck and removed the keys from the ignition. Appellant then exited the truck a second time, pushed Officer Beltz, and reentered the truck with a second set of keys. This time, Appellant succeeded in driving away.

Officer Beltz briefly pursued Appellant but then changed course and proceeded toward Appellant's residence instead of continuing in pursuit. On

the way to Appellant's residence, Officer Beltz spotted Appellant's truck stuck on a tree stump. At that point, Officer Beltz took Appellant into custody. At the police station, Officer Beltz read Appellant the DL-26 form, which outlines the increased penalties for refusal to submit to chemical testing. When Officer Beltz asked Appellant if he would submit to a blood test, Appellant jumped out of his seat and made a threatening move towards Officer Beltz. No chemical testing was conducted.

On February 1, 2012, Appellant was charged by criminal information with fleeing or attempting to elude a police officer ("fleeing"),[1] driving under the influence – general impairment ("DUI-general impairment"),[2] driving under the influence – general impairment with refusal to submit to chemical testing ("DUI-refusal"),[3] resisting arrest,[4] defiant trespass,[5] careless

---

[1] 75 Pa.C.S. § 3733(a).

[2] 75 Pa.C.S. § 3802(a)(1).

[3] Although the information filed against Appellant charged him with both DUI-general impairment and DUI-refusal, we note that this was improper. In **Commonwealth v. Mobley**, 14 A.3d 887 (Pa. Super. 2011), this Court held that DUI-refusal was not a separate crime from DUI-general impairment. In so holding, this Court stated:

> The trial court convicted [a]ppellant of two separate counts of DUI—general impairment arising out of the same incident, with one count alleging [a]ppellant refused the breath/blood test. The refusal of a blood alcohol content ("BAC") test is not a separate element under 75 Pa.C.S. § 3802; rather, those who refuse a BAC test must be charged pursuant to 75 Pa.C.S. § 3802(a)(1), general impairment. Since refusal of a breath/blood test is not an element of the criminal offense that pertains to guilt, the court should not have convicted [a]ppellant

driving,[6] public drunkenness,[7] and possession of an open container in a motor vehicle.[8]

On April 13, 2012, Appellant filed a motion to suppress all evidence gathered as a result of the traffic stop.[9]  A suppression hearing was held on May 25, 2012.  On September 26, 2012, the suppression court issued

---

of the same criminal offense, DUI—general impairment, arising out of the identical criminal episode.  Instead, [a]ppellant should have been convicted of one count of DUI—general impairment and been subject to the sentencing enhancement provided by statute relative to a blood or breath test refusal.

*Id.* at 891 (footnotes and citations omitted).  Neither party raises this as an issue.  Moreover, there is no concern with respect to sentencing since the Commonwealth conceded at the time of sentencing that the two counts merged because Appellant was not charged with two separate DUI crimes, and the trial court imposed a legal sentence under 75 Pa.C.S. § 3804.  **See** footnote 11 below.  Thus, we need not address this issue further.

[4]  18 Pa.C.S. § 5104.

[5]  18 Pa.C.S. § 3503(b)(1)(ii).

[6]  75 Pa.C.S. § 3714(a).

[7]  18 Pa.C.S. § 5505.

[8]  75 Pa.C.S. § 3809(a).

[9]  Appellant's motion argued that Officer Beltz violated the Municipal Police Jurisdiction Act, 42 Pa.C.S. § 8951, *et seq.*, because South Middletown Township is outside of his primary jurisdiction and is patrolled by the Pennsylvania State Police.

findings of fact and conclusions of law and denied Appellant's motion to suppress. On December 4, 2012, the case proceeded to a jury trial.[10]

Appellant was convicted of fleeing, DUI, careless driving, and public drunkenness. Fleeing is generally a second-degree misdemeanor ("M2"). 75 Pa.C.S. § 3733(a.2)(1). When the fleeing occurs while driving under the influence, however, it is graded as a third-degree felony ("F3"). 75 Pa.C.S. § 3733(a.2)(2)(i). Therefore, in this case, the fleeing offense was elevated to an F3. On December 18, 2012, Appellant was sentenced to eight to twenty-four months of incarceration for F3 fleeing and fourteen to forty-eight months for DUI,[11] resulting in an aggregate sentence of twenty-two to seventy-two months. On December 28, 2012, Appellant filed a post-sentence motion arguing, *inter alia*, that his DUI conviction merged with his F3-fleeing conviction. On January 4, 2013, the trial court denied Appellant's post-sentence motion. This timely appeal followed.[12]

---

[10] The jury adjudicated the misdemeanor and felony counts while the trial court adjudicated the summary offenses.

[11] Appellant was subject to a mandatory one-year minimum sentence for his DUI conviction because this was his fourth offense, and he refused chemical testing. *See* 75 Pa.C.S. § 3804(c)(3)(i) (an individual who violates section 3802(a)(1), refuses testing of blood or breath, and has committed a third or subsequent offense shall be sentenced to prison for not less than one year).

[12] On January 16, 2013, the trial court ordered Appellant to file a concise statement of errors complained of on appeal ("concise statement"). *See* Pa.R.A.P. 1925(b). On February 6, 2013, Appellant filed his concise statement. On March 28, 2013, the judge who presided over Appellant's jury trial issued a Rule 1925(a) opinion. On May 3, 2013, the judge who presided over Appellant's suppression hearing issued a Rule 1925(a) opinion.

A divided three-judge panel of this Court initially affirmed Appellant's convictions but vacated his judgment of sentence and remanded for resentencing. The majority concluded that Appellant's DUI conviction merged with his F3-fleeing conviction. On September 12, 2014, the Commonwealth filed an application for reargument *en banc*, which was granted. Oral argument was held before the Court *en banc*, and this matter is now ripe for disposition.

Appellant presents one issue for our review:

> Whether the [trial] court erred in denying [Appellant's] post[-]sentence motion for modification of sentence when [Appellant] was sentenced to separate and consecutive sentences on [the F3 fleeing and DUI when DUI is] an essential element of [F3 fleeing?]

Appellant's Brief at 6.[13]

Appellant contends that the trial court erred by not merging his F3-fleeing conviction with his DUI conviction for sentencing purposes. A claim that convictions merge for sentencing is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary. **Commonwealth v. Orie**, 88 A.3d 983, 1020 (Pa. Super. 2014), *appeal denied*, 99 A.3d 925 (Pa. 2014).

---

**See** Pa.R.A.P. 1925(a)(1) (permitting the trial court to request that the suppression court issue an opinion dealing with issues decided by the suppression court). Appellant's lone issue in this appeal was included in his concise statement.

[13] On reargument, Appellant pursued only his merger claim.

We begin our examination of Appellant's merger claim by reviewing the statutory provisions pertinent to his underlying convictions. Section 3802(a) of the Motor Vehicle Code provides that "[a]n individual may not drive, operate or be in actual physical control of the movement of a vehicle after imbibing a sufficient amount of alcohol such that the individual is rendered incapable of safely driving, operating or being in actual physical control of the movement of the vehicle." 75 Pa.C.S. § 3802(a)(1). Generally, a violation of section 3802(a) is an ungraded misdemeanor. 75 Pa.C.S. § 3803(a)(1). However, "[a]n individual who violates section 3802(a)(1) where the individual refused testing of blood or breath . . . and who has one or more prior offenses commits a misdemeanor of the first degree." 75 Pa.C.S. § 3803(b)(4). In this case, Appellant was subject to a one-year mandatory minimum sentence because his conviction represented his fourth offense, and he refused chemical testing. 75 Pa.C.S. § 3804(c)(3)(i).

Section 3733(a) of the Motor Vehicle Code provides:

**Fleeing or attempting to elude police officer**

**(a) Offense defined.-** Any driver of a motor vehicle who willfully fails or refuses to bring his vehicle to a stop, or who otherwise flees or attempts to elude a pursuing police officer, when given a visual and audible signal to bring the vehicle to a stop, commits an offense as graded in subsection (a.2).

75 Pa.C.S. § 3733(a). As noted above, fleeing is generally graded as an M2, 75 Pa.C.S. § 3733(a.2)(1), but when the fleeing occurs while driving under the influence, it is graded as an F3. 75 Pa.C.S. § 3733(a.2)(2)(i).

Appellant's claim is that his fleeing conviction, which was graded as an F3 because it occurred while he was driving under the influence, should have merged with his DUI conviction for sentencing purposes. Merger in Pennsylvania is governed by section 9765 of the Sentencing Code, which provides as follows:

> No crimes shall merge for sentencing purposes unless the crimes arise from **a single criminal act** and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765 (emphasis added). "Accordingly, merger is appropriate only when two distinct criteria are satisfied: (1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Commonwealth v. Raven*, 97 A.3d 1244, 1249 (Pa. Super. 2014), *appeal denied*, 105 A.3d 736 (Pa. 2014).

Here, the record reveals that Officer Jason Beltz conducted a traffic stop based on his suspicion that Appellant was driving while intoxicated. Appellant stopped his truck and exhibited signs of intoxication. Appellant then became combative, and the officer took Appellant's keys. Appellant then returned to his truck, locked the door, and retrieved a second set of

keys from his pocket. At this juncture, Appellant **chose to again drive the truck while intoxicated** while fleeing from Officer Beltz, and Appellant was arrested at the conclusion of his drunken flight. Affidavit of Probable Cause, 11/23/11, at 1-2; N.T., 12/4/12, at 34-46. The circumstances here are straightforward: there was the initial DUI, followed by a traffic stop, followed by Appellant choosing to flee while DUI.

When determining whether separate crimes constitute a single criminal act, this Court has stated that "we should look to the elements of the crimes involved as charged by the Commonwealth." **Commonwealth v. Jenkins**, 96 A.3d 1055, 1060 (Pa. Super. 2014), *appeal denied*, 104 A.3d 3 (Pa. 2014) (citing **Commonwealth v. Comer**, 716 A.2d 593, 599 (Pa. 1998)). In **Jenkins**, the appellant struck the victim. The blow broke the victim's jaw and caused him to fall to the ground. **Jenkins**, 96 A.3d at 1059. After the victim fell, the appellant restrained the victim on the ground and stole items from his person. **Id**. The **Jenkins** Court explained the manner in which the appellant therein was charged as follows:

> As charged in the information filed on July 9, 2012, the Commonwealth asserted that [the appellant] committed robbery when, with his codefendant, he "assaulted [the victim] by punching him in the face causing a facial laceration and fractured jaw. [The victim] was forced to the ground, **restrained** and searched for personal belongings, which were stolen from [him]." Information, 7/9/2012, at 2 (unnumbered, emphasis added). With regard to simple assault, the Commonwealth asserted that "during the course of a robbery, [the appellant] assaulted [the victim] causing a facial laceration that required stitches and a fractured left jaw." *Id*. at 3.

***Jenkins***, 96 A.3d at 1061 (emphasis in original).

Similarly, in the case at bar, the affidavit of probable cause, the criminal complaint, and the criminal information reveal that Appellant was charged with committing DUI **and** charged with felony fleeing because, after the traffic stop, he fled while in violation of the DUI statute, 75 Pa.C.S. § 3802. This is parallel to the information in ***Jenkins*** where it was stated that the appellant broke the victim's jaw and then restrained the injured victim while committing a theft. In both this case and in ***Jenkins***, there were separate criminal acts. Therefore, in the case at bar, because Appellant's convictions arose from separate criminal acts, merger is not implicated.

For the reasons set forth above, we conclude that the charges do not merge, and thus, there was no error in the sentence imposed. Accordingly, we affirm the judgment of sentence.

Judgment of sentence affirmed.

Judges Donohue, Lazarus, Mundy, Wecht, Stabile, and Jenkins join the Opinion.

Judge Bowes files a Concurring Opinion in which Judges Donohue and Wecht join.

Judge Olson files a Concurring Opinion.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/29/2015