J-E01005-15

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| LEE ALLEN KIMMEL, | |
| Appellant | No. 126 MDA 2013 |

Appeal from the Judgment of Sentence December 18, 2012
In the Court of Common Pleas of Cumberland County
Criminal Division at No(s): CP-21-CR-0003380-2011

BEFORE:  BOWES, J., DONOHUE, J., SHOGAN, J., LAZARUS, J., MUNDY, J.,
OLSON, J., WECHT, J., STABILE, J., and JENKINS, J.:

CONCURRING OPINION BY BOWES, J.:          **FILED OCTOBER 29, 2015**

I join the opinion of my learned colleague Judge Shogan, except as to footnote 3.[1]  I write further to explain why, if this case did not involve separate criminal acts, Appellant's sentence for driving under the influence ("DUI") would merge with his sentence for fleeing while DUI.

In order for Appellant to be found guilty of the felony fleeing charge in question, 75 Pa.C.S. § 3733(a.2)(2)(i), the Commonwealth was required to prove beyond a reasonable doubt that Appellant was guilty of DUI. Accordingly, DUI is an element of the felony fleeing crime.  Without proof of

---

[1]  The procedure in **Commonwealth v. Mobley**, 14 A.3d 887 (Pa.Super. 2011), was commonly used to comply with **Apprendi v. New Jersey**, 530 U.S. 466 (2000).  **Mobley**, however, was decided prior to our United States Supreme Court decision in **Alleyne v. United States**, 133 S.Ct. 2151 (2013).  In light of **Alleyne**, it could be proper for the Commonwealth to include a DUI-refusal count since the refusal increases the mandatory minimum and must be proven beyond a reasonable doubt.

1

the DUI, Appellant cannot be found guilty of that statutory felony offense. Insofar as the Commonwealth posits that the DUI aspect of the crime is a grading enhancement, such labeling has been rendered immaterial under current United States Supreme Court precedent. *Apprendi v. New Jersey*, 530 U.S. 466, 490 (2000) ("facts that increase the prescribed range of penalties to which a criminal defendant is exposed" are elements of the crime.) (internal quotation marks omitted); *Id.* at 483 n.10 ("facts that expose a defendant to a punishment greater than that otherwise legally prescribed were by definition 'elements' of a separate legal offense"); *Id*. at 478 ("Any possible distinction between an 'element' of a felony offense and a 'sentencing factor' was unknown to the practice of criminal indictment, trial by jury, and judgment by court as it existed during the years surrounding our Nation's founding.") (footnote omitted); *Alleyne v. United States*, 133 S.Ct. 2151, 2159 (2013) ("If a fact was by law essential to the penalty, it was an element of the offense."). Moreover, such a conclusion, when applied in other settings, leads to incongruous results.

For example, under the Commonwealth's scenario, a defendant convicted of attempted murder and attempted murder causing serious bodily, based on the same act, could be sentenced consecutively because the serious bodily injury fact is a sentencing factor and not a statutory element. *See* 18 Pa.C.S. § 1102(c) (discussing sentencing for attempted

murder).[2]  This result is inconsistent with prior precedent and would violate our double jeopardy jurisprudence.  Similarly, such a paradigm is at odds with the jurisprudence governing our theft statutes, which grade an offense based on the amount stolen.  No one would seriously contend that a person can be sentenced on separate counts of theft of $50 and $500, based on the same theft act, because the amount in question pertains to the grading of the offense and is a sentencing enhancement.

Indeed, in the DUI context, where a breath or blood test refusal is at issue, a defendant cannot be sentenced to both a DUI—general impairment and DUI—general impairment with a refusal based on the same act, despite the refusal being a sentencing enhancement.  **Commonwealth v. Mobley**, 14 A.3d 887 (Pa.Super. 2010).  The refusal aspect of the crime is considered a sentencing enhancement, **see Mobley**, and unlike the statute in question, is actually contained in an entirely different statutory provision; but under **Apprendi** and **Alleyne**, it does not matter what label the fact is given in determining if it is an element of the offense.  Applying the Commonwealth's logic, defendants found guilty of DUI general impairment for one act of DUI can be sentenced consecutively for both that crime as well as the refusal because the refusal is a sentencing enhancement and not a statutory

---

[2] The attempted murder sentencing provision, unlike the fleeing definition at issue herein, is contained in an entirely different statute than the definition of the crime of attempt.

element of the crime. **But see Mobley**, **supra** (opining that such a sentence would be unlawful).

Further, our legislature regularly defines a crime by beginning its definition by stating, "A person commits a felony of the [first, second, or third] degree when the person engages in . . . ."[3] Hence, the grading of an offense is ordinarily inextricably tied into the definition of the offense. Pointedly, under 18 Pa.C.S. § 103, which defines the elements of an offense, DUI is a statutory element of the fleeing charge in question. That definition provides in relevant part:

> **"Element of an offense."** Such conduct or such attendant circumstances or such a result of conduct as:
>
> (1)    is included in the description of the forbidden conduct in the definition of the offense;

Included in the description of the forbidden conduct of a felony of the third degree fleeing offense is a DUI. That this portion of the statute falls within the portion of the statute labeled "Grading" is immaterial. It is a distinction without any legal difference that the legislature chose to place the definition of the felony offense under a grading heading. The Commonwealth's argument distinguishing **Alleyne** and **Apprendi** elements from statutory

---

[3] A sampling of those statutes includes: 18 Pa.C.S. § 3011; 18 Pa.C.S. § 3012; 18 Pa.C.S. § 3013; 18 Pa.C.S. § 3014; 18 Pa.C.S. § 3121; 18 Pa.C.S. § 3121(c); 18 Pa.C.S. § 3121(d); 18 Pa.C.S. § 3123; 18 Pa.C.S. § 3124.1; 18 Pa.C.S. § 3301; 18 Pa.C.S. § 3301(a.1); 18 Pa.C.S. § 3301(a.2); 18 Pa.C.S. § 3702; 18 Pa.C.S. § 4909. In addition, the definition of certain theft offenses comes under the heading of "Grading of theft offenses[.]" **See** 18 Pa.C.S. § 3903(a); 18 Pa.C.S. § 3903(a.1); 18 Pa.C.S. § 3903(a.2); 18 Pa.C.S. § 3903(b).

elements rests almost exclusively on the fact that the legislature elected to include a heading for 75 Pa.C.S. § 3733(a.2). The legislature could just have easily included the grading sections under the preceding "offense defined" section without working any material difference in meaning. Accordingly, I find it incongruous, in this setting, to attribute legal significance to the fact that the legislature provided the definition of the felony offense under a grading heading instead of an "offense defined" subsection.

Further, in Pennsylvania, the legislature has defined the merger test and our Supreme Court has stated that it is consistent with the **Blockburger v. United States**, 284 U.S. 2998 (1932) jurisprudence. **See Commonwealth v. Baldwin**, 985 A.2d 830 (Pa. 2009). In **Commonwealth v. Anderson**, 650 A.2d 20 (Pa. 1994), the Court concluded that merger and double jeopardy analysis are identical. That Court also held that the proper analysis "is whether the elements of the lesser crime are all included within the elements of the greater crime, and the greater offense includes at least one additional element which is different, in which case the sentences merge[.]" **Anderson, supra** at 24. Thus, while it is correct that the General Assembly can authorize cumulative punishments, it is beyond cavil that Appellant could not be found guilty of a felony fleeing absent proof that he committed a DUI. The DUI fact is included in the felony fleeing statute and defines what constitutes the felony

offense. Thus, under **Apprendi, Alleyne**, **Anderson**, and our legislature's definition of the element of a crime, the DUI is a statutory element. Hence, the legislature did not intend to authorize multiple punishments for the same act of DUI.

Furthermore, although not discussed by the Commonwealth, I also note that reference to capital cases is inapt. Whenever a murder occurs and there is an aggravating separate felony, that felony constitutes a different criminal act. **See** 42 Pa.C.S. § 9765 ("No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act[.])" Phrased differently, that felony is not subsumed into the acts necessary to prove the defendant guilty of first-degree murder. Such is not the case here. More analogous is the felony-murder merger rule that prohibits multiple sentences for the felony murder and the underlying felony offense. **See Commonwealth v. Tarver**, 426 A.2d 569 (Pa. 1981).

In sum, it is my view, that if this case involved a single criminal act, Appellant's DUI offense would merge with his fleeing while DUI charge.

Judges Donohue and Wecht join this Concurring Opinion.