J-S36045-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| DAVID JOHN RIVERA, | |
| Appellant | No. 1353 MDA 2015 |

Appeal from the Judgment of Sentence July 20, 2015
In the Court of Common Pleas of Schuylkill County
Criminal Division at No(s): CP-54-CR-0002141-2014

BEFORE:  MUNDY, J., DUBOW, J., and STEVENS, P.J.E.*

MEMORANDUM BY STEVENS, P.J.E.:                    **FILED MAY 17, 2016**

This is an appeal from the judgment of sentence entered in the Court of Common Pleas of Schuylkill County following Appellant's conviction by a jury on one count of rape of a child, two counts of involuntary deviate sexual intercourse ("IDSI") with a child, two counts of endangering the welfare of a child, two counts of corruption of minors, two counts of indecent exposure, and two counts of indecent assault.[1]  After a careful review, we affirm.

Appellant was arrested in connection with the sexual assault of two young children (L.B. and N.B.) at locations where the children, their mother,

---

[1] 18 Pa.C.S.A. §§ 3121(c), 3123(b), 4304(a)(1), 6301(a)(1)(ii), 3127, and 3126(a)(7), respectively.  Appellant was acquitted on four counts of rape of a child, two counts of IDSI with a child, and two counts of aggravated indecent assault of a child.

*Former Justice specially assigned to the Superior Court.

and her then paramour (Appellant) lived in Schuylkill County. Represented by counsel, Appellant proceeded to a jury trial on April 6, 2015. The evidence presented at trial demonstrated that Appellant sexually assaulted the two children in various manners and on several different occasions at their residences in Mahanoy City, Minersville, and Pottsville.

At the conclusion of all testimony, the jury convicted Appellant of the offenses indicated *supra*, and on July 20, 2015, he proceeded to a sentencing hearing. Appellant was found to be a sexually violent predator, and he was sentenced to serve an aggregate of twenty-two years to forty-four years in prison, to be followed by five years of probation. Specifically, he was sentenced, in relevant part, as follows:

> On Count 7-[IDSI] With A Child: [Appellant] shall serve 10 years to 20 years' incarceration in a state correctional institution.
>
> On Count 12-[IDSI] With [A] Child: [Appellant] shall serve 10 years to 20 years' incarceration in a state correctional institution CONSECUTIVE to the term of incarceration imposed at Count 7.
>
> On Count 23-Endangering Welfare Of A Child: [Appellant] shall serve 1 year to 2 years' incarceration in a state correctional institution CONSECUTIVE to the sentence imposed at Count 12.
>
> On Count 24-Endangering Welfare Of A Child: [Appellant] shall serve 1 year to 2 years' incarceration CONSECUTIVE to the sentence imposed at Count 23.
>
> On Count 21-Corruption Of Minors: [Appellant] shall serve 5 years' probation CONSECUTIVE to the sentence imposed at Count 24.
>
> On Count 22-Corruption Of Minors: [Appellant] shall serve 5 years' probation CONCURRENT to the sentence imposed at Count 21.

On <u>Count 25-Indecent Exposure</u>: [Appellant] shall serve 3 months to 12 months incarceration CONCURRENT to the sentence imposed at <u>Count 24</u>.

On <u>Count 26-Indecent Exposure</u>: [Appellant] shall serve a term of incarceration of 3 months to 12 months CONCURRENT to the sentence imposed at <u>Count 24</u>.

<u>Count 4-Rape</u> and <u>Counts 19 and 20 (Indecent Assault)</u>: Merge for purposes of sentencing.

Sentencing Order, 7/20/15, at 2 (bold omitted). Appellant filed a timely, counseled notice of appeal, and all Pa.R.A.P. 1925 requirements have been met.

Appellant presents the following issues for our review:

1. Did the Court err in failing to merge Counts 21 and 22, corruption of minors - sexual in nature [-] with Counts 7 and 12, [IDSI] with a child[,] for sentencing purposes?

2. Did the Court err in failing to merge Counts 25 and 26- indecent exposure [-] for sentencing purposes with Count 4, Count 7, and Count 12 - [IDSI with a child] and rape?

3. Was the evidence at [t]rial insufficient as a matter of law to support a verdict on all charges?

Appellant's Brief at 7.

In his first and second issues, Appellant alleges certain convictions should have merged for sentencing purposes. A claim that sentences should have merged is "a non-waivable challenge to the legality of the sentence." *Commonwealth v. Lomax*, 8 A.3d 1264, 1267 (Pa.Super. 2010) (citation omitted). Further, "[a] claim that the trial court imposed an illegal sentence by failing to merge sentences is a question of law." *Commonwealth v. Duffy*, 832 A.2d 1132, 1137 (Pa.Super. 2003) (quotation and quotation

- 3 -

marks omitted). Our standard of review in cases dealing with questions of law is *de novo,* and our scope of review is plenary. **See Commonwealth v. Kimmel**, 125 A.3d 1272, 1275 (Pa.Super. 2015) (*en banc*) ("A claim that convictions merge for sentencing is a question of law; therefore, our standard of review is *de novo* and our scope of review is plenary.").

Section 9765 of our Judicial Code provides as follows:

No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S.A. § 9765. "The statute's mandate is clear. It prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." **Commonwealth v. Baldwin**, 604 Pa. 34, 985 A.2d 830, 833 (2009).

In his first merger issue, Appellant contends his conviction for Count 21 (corruption of minors as to L.B.) should have merged with his conviction for Count 7 (IDSI with a child as to L.B. in Mahanoy City, oral). Similarly, he contends his conviction for Count 22 (corruption of minors as to N.B.) should have merged with his conviction for Count 12 (IDSI with a child as to N.B. in Mahanoy City, oral). We conclude neither of the two requirements for merger exists.

First, an examination of the affidavit of probable cause, criminal complaint, and criminal information reveals the charges against Appellant did not arise from a single criminal act. **See Kimmel**, **supra** (discussing the first criteria of the merger analysis). Moreover, the testimony presented at trial comports with the charges. For instance, L.B. testified about various, separate incidents occurring in Mahanoy City, including an incident where Appellant digitally penetrated L.B.'s vagina, N.T., 4/6/15, at 81-82; an incident where he showed L.B. and N.B. pornographic images, **Id.** at 84; and several different incidents where he made L.B. perform oral sex upon him, **Id.** at 85-90. L.B. testified Appellant also made her perform oral sex upon him several times in other locations, including Minersville and Pottsville. **Id.** at 90. Further, L.B. testified that Appellant placed his penis in her vagina several times, including in her bedroom in Manahoy City, her mother's bedroom in Minersville, and her brother's bedroom in Pottsville. **Id.** at 92-98. She also testified that he touched her breasts. **Id.** at 95. Based on this testimony, the jury could have reasonably concluded that multiple separate criminal acts took place such that Appellant's conviction for Count 21 (corruption of minors as to L.B.) did not merge with his conviction for Count 7 (IDSI with a child as to L.B. in Mahanoy City, oral).

Furthermore, N.B. testified about separate incidents occurring in Mahanoy City and Minersville where Appellant digitally penetrated N.B.'s anus. **Id.** at 144-50. N.B. also testified to various incidents occurring in

Mahanoy City and Minersville where Appellant made N.B. perform oral sex upon him. *Id.* at 147-52. N.B. confirmed Appellant showed pornographic images to him. *Id.* at 152-53. Based on this testimony, the jury could have reasonably concluded that multiple separate criminal acts took place such that Appellant's conviction for Count 21 (corruption of minors as to N.B.) did not merge with his conviction for Count 12 (IDSI with a child as to N.B. in Mahanoy City, oral).[2]

Second, the two crimes at issue here necessitate proof of at least one element that the other does not. *See* 42 Pa.C.S.A. § 9765. For example, Appellant was convicted of corruption of minors under 18 Pa.C.S.A. § 6301, which provides, in relevant part, the following:

> (ii) Whoever, being of the age of 18 years and upwards, by any course of conduct in violation of Chapter 31 (relating to sexual offenses) corrupts or tends to corrupt the morals of any minor less than 18 years of age, or who aids, abets, entices or encourages any such minor in the commission of an offense under Chapter 31 commits a felony of the third degree.

18 Pa.C.S.A. § 6301(a)(1)(ii).

Moreover, he was convicted of IDSI with a child under 18 Pa.C.S.A. § 3123(b), which provides, in relevant part, that "[a] person commits involuntary deviate sexual intercourse with a child, a felony of the first

---

[2] To the extent Appellant suggests all of the Counts (7, 12, 21, and 22) should have merged into one Count for sentencing purposes, we note that Counts 7 and 21 involved L.B. as the victim, whereas Counts 12 and 22 involved N.B. as the victim. Moreover, as indicated *supra*, each count is supported by a separate set of facts.

degree, when the person engages in deviate sexual intercourse with a complainant who is less than 13 years of age."

Deviate sexual intercourse is defined by statute as follows:

**"Deviate sexual intercourse."** Sexual intercourse per os or per anus between human beings and any form of sexual intercourse with an animal. The term also includes penetration, however slight, of the genitals or anus of another person with a foreign object for any purpose other than good faith medical, hygienic or law enforcement procedures.

18 Pa.C.S.A. § 3101 (bold in original).

A plain reading of the statutes reveals that Appellant's convictions for corruption of minors required proof that his actions tended to corrupt the morals of a child under the age of 18, while his IDSI with a child convictions did not. Conversely, Appellant's convictions for IDSI with a child required proof of an act of involuntary deviate sexual intercourse with a child under the age of 13, which is not an element of corruption of minors. As a result, corruption of minors is not a lesser-included offense to IDSI with a child. For all of the above reasons, the crimes do not merge for sentencing purposes. *See* 42 Pa.C.S.A. § 9765.

In his second merger issue, Appellant contends his conviction for Count 25 (indecent exposure as to L.B.) should have merged with either his conviction for Count 4 (rape of a child, L.B., in Mahanoy City, oral), or Count 7 (IDSI with a child as to L.B. in Mahanoy City, oral). Likewise, he contends his conviction for Count 26 (indecent exposure as to N.B.) should have merged with his conviction for Count 12 (IDSI with a child as to N.B. in

- 7 -

Mahanoy City, oral). We conclude neither of the two requirements for merger exists.

First, as indicated *supra*, the charges against Appellant did not arise from a single criminal act and, based on the testimony, the jury could have reasonably concluded that multiple separate criminal acts took place such that Appellant's convictions for Count 25 (indecent exposure to L.B.) did not merge with his convictions for Count 4 (rape of a child, L.B., in Mahanoy City, oral) or Count 7 (IDSI with a child as to L.B. in Mahanoy City, oral). Likewise, the jury could have reasonably concluded that multiple criminal acts took place such that Appellant's convictions for Count 26 (indecent exposure as to N.B.) did not merge with his conviction for Count 12 (IDSI with a child as to N.B. in Mahanoy City, oral).[3]

Second, the crimes at issue here necessitate proof of at least one element that the others do not. **See** 42 Pa.C.S.A. § 9765. For example, Appellant was convicted of indecent exposure under 18 Pa.C.S.A. § 3127, which provides, in relevant part, that "[a] person commits indecent exposure if that person exposes his or her genitals in any public place or in any place where there are present other persons under circumstances in which he or

_____

[3] To the extent Appellant suggests all of the Counts (4, 7, 12, 25, and 26) should have merged into one Count for sentencing purposes, we note that Counts 4, 7, and 25 involved L.B. as the victim, whereas Counts 12 and 26 involved N.B. as the victim. Moreover, as indicated *supra*, each count is supported by a separate set of facts.

- 8 -

she knows or should know that this conduct is likely to offend, affront or alarm."

Moreover, he was convicted of rape of a child under 18 Pa.C.S.A. § 3121(c), which provides "[a] person commits the offense of rape of a child, a felony of the first degree, when the person engages in sexual intercourse with a complainant who is less than 13 years of age." Also, he was convicted of IDSI with a child pursuant to 18 Pa.C.S.A. § 3123(b), which is discussed at length *supra*.

A plain reading of the statutes reveals that Appellant's conviction for indecent exposure required proof that he exposed his genitals, whereas his conviction for rape of a child and IDSI with a child did not. Conversely, his conviction for rape of a child required proof that he engaged in sexual intercourse with a child less than 13 years of age, while his conviction for indecent exposure did not. Moreover, as discussed *supra*, his convictions for IDSI with a child required proof of an act of involuntary deviate sexual intercourse with a child under the age of 13, whereas his convictions for indecent exposure had no such requirement. Accordingly, indecent exposure is not a lesser-included offense to rape of a child or IDSI with a child. For all of the aforementioned reasons, the crimes do not merge. **See** 42 Pa.C.S.A. § 9765.

With regard to his final issue, which alleges the evidence was insufficient to support his convictions, Appellant has not addressed the issue

in the argument portion of his brief. Appellant's undeveloped issue is insufficient to permit meaningful review, and accordingly, we decline to address the issue further. *See Commonwealth v. Spotz*, 610 Pa. 17, 18 A.3d 244 (2011) (holding claim is unreviewable and waived for lack of development where, in his brief, the appellant did not develop the claim factually or legally, did not support it with citations, and the court could not discern what error allegedly occurred).

For all of the foregoing reasons, we affirm.

Affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 5/17/2016