J-S44020-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRYL BAIDEME | : | |
| | : | |
| Appellant | : | No. 252 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 6, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001622-2017

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| DARRYL ANTHONY BAIDEME | : | |
| | : | |
| Appellant | : | No. 253 WDA 2019 |

Appeal from the Judgment of Sentence Entered December 6, 2017
In the Court of Common Pleas of Erie County Criminal Division at No(s):
CP-25-CR-0001067-2017

BEFORE:  SHOGAN, J., McLAUGHLIN, J., and FORD ELLIOTT, P.J.E.

MEMORANDUM BY McLAUGHLIN, J.:                **FILED NOVEMBER 26, 2019**

Darryl Anthony Baideme appeals the judgments of sentence entered on his guilty pleas to home improvement fraud.[1] Baideme claims that the trial court erred by not merging the convictions for sentencing purposes and challenges the discretionary aspects of his sentences. We affirm.

_____

[1] 73 P.S. § 517.8(a)(1).

At docket number ending in 1067, Baideme pled guilty to the following facts: "It's alleged that on or about July 21st of 2016, . . . you did accept payment of $5,000 more or less from Kevin and - - Reynolds to put siding on their residence, that you never started the work and/or did not refund the money[.]" N.T., Plea Hearing, 10/17/17, at 7. Baideme also pled guilty to the following facts for docket number ending in 1622:

> It is alleged on or about June 25, 2015, . . . you accepted advance payments in the amount of $4,000 more or less promising to perform home improvement services from Gary and/or Marsha [Bierley] ages 66 and 62, respectively, and then requested and accepted an additional $2,000 more or less and never completed the work and/or purchased materials and/or returned the monies when requested[.]

*Id.* at 8.

The trial court sentenced Baideme to consecutive terms of nine months to 60 months' incarceration at docket number 1067, and 12 months to 84 months' incarceration at docket number 1622. The court also ordered Baideme to pay restitution. Baideme did not file a direct appeal.

Baideme filed a counseled Post Conviction Relief Act ("PCRA") petition alleging trial counsel's ineffectiveness for failing to file a post-sentence motion and direct appeal. *See* Supplement to Motion for Post Conviction Collateral Relief, filed 6/28/18, at 1. The PCRA court granted the petition and reinstated Baideme's post-sentence and direct appeal rights *nunc pro tunc*. *See* Order of Court, filed 11/9/18. Baideme filed a post-sentence motion, which the trial

court denied. He then filed separate notices of appeal at each trial court docket.[2]

Baideme raises the following issues:

I.     Whether the sentencing [c]ourt erred in failing to merge both convictions for purposes of sentencing in that [Baideme's] underlying conduct constituted a spree and there was a legal predicate otherwise to merge the counts?

II.    Whether the sentencing [c]ourt committed legal error in imposing a consecutive sentencing scheme and in failing to render a legally sufficient contemporaneous statement in support of that sentencing election?

Baideme's Br. at 2.

Our standard of review for a merger claim is *de novo* and our scope of review is plenary. *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa.Super. 2013). Convictions merge for sentencing purposes where: "(1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Commonwealth v. Kimmel*, 125 A.3d 1272, 1276 (Pa.Super. 2015) (*en banc*) (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1249 (Pa.Super. 2014)). Where separate criminal acts occur, merger is not appropriate. *Id.* at 1277 (concluding "merger is not implicated" where fleeing conviction and DUI conviction resulted from one incident).

Baideme claims that both offenses for home improvement fraud should have merged because his actions in committing the fraud "constituted a spree

---

[2] *Commonwealth v. Walker*, 185 A.3d 969, 977 (Pa. 2018), is thus not applicable to this case.

- 3 -

and there was a legal predicate otherwise to merge the counts." Baideme's Br. at 5. We disagree.

The merger doctrine does not apply here because Baideme's convictions arise from two separate criminal acts. At docket number 1622, the act of home improvement fraud occurred against the Bierleys in June 2015. *See* N.T., Sentencing, 12/6/17, at 42; *see also* N.T., Plea Hearing, at 8. At docket number 1067, the relevant events occurred approximately a year later, in July 2016, and related to Baideme's acceptance of payment for work on the Reynolds' house without ever beginning work or refunding the payment. *See* N.T., Sentencing, at 42; *see also* N.T., Plea Hearing, at 7. These two occurrences were completely separate and cannot fairly be characterized as a "spree." The merger doctrine does not apply. *See Commonwealth v. Gatling*, 807 A.2d 890, 899 (Pa. 2002) ("If the offenses stem from two different criminal acts, merger analysis is not required").

Next, Baideme challenges the discretionary aspects of his sentence. We review a challenge to the discretionary aspects of sentence for an abuse of discretion. *Commonwealth v. Smith*, 206 A.3d 551, 567 (Pa.Super. 2019). Before we address the merits of such a challenge we must determine whether: 1) the appellant preserved the issue; 2) the appeal is timely; 3) the brief includes a Pa.R.A.P. 2119(f) statement; and 4) the appellant has raised a substantial question. *See Commonwealth v. Spenny*, 128 A.3d 234, 241 (Pa.Super. 2015).

Here, Baideme failed to preserve his claim, as his post-sentence motion did not challenge the discretionary aspects of his sentence. **See** Motion for New Trial and/or Arrest of Judgment *Nunc Pro Tunc*, filed 12/7/18 (challenging sequestration of jury; jury taint; and victim credibility); **Commonwealth v. Cartrette**, 83 A.3d 1030, 1042 (Pa.Super. 2013) (*en banc*) ("[I]ssues challenging the discretionary aspects of a sentence must be raised in a post-sentence motion or by presenting the claim to the trial court during the sentencing proceedings. Absent such efforts, an objection to a discretionary aspect of a sentence is waived.") (quoting **Commonwealth v. Kittrell**, 19 A.3d 532, 538 (Pa.Super. 2011)).

Even if he had preserved his sentencing claims, and assuming he has stated a substantial question, we would reject the claims as meritless. Baideme argues the court "failed to afford due weight and consideration to mitigation factors" and "failed to proffer a legally sufficient statement on the record in support of the imposition of a consecutive sentence." Baideme's Br. at 4. The record belies these claims.

Counsel informed the court that Baideme's parents died when he was 15 and he had been on his own since then. N.T., Sentencing, at 16. Counsel also told the court about Baideme's children and the court heard from Baideme's fiancé, who was pregnant with Baideme's child. **Id.** at 17, 30. The trial court also considered the presentence investigation report. **Id.** at 43. Additionally, the trial court stated its reasons for imposing a consecutive sentence:

> I'm going to do the following: I've considered the Pennsylvania Sentencing guidelines. The [c]ourt has also considered the statement of defense counsel, [Baideme], the attorney from the Commonwealth. I've looked at [Baideme], his age, his background, his character, his rehabilitative needs and the nature and circumstances and seriousness of the offense and the protection of the community.
>
> And here's what I conclude: [Baideme] has a prior record score of three. And so while he's not the worst among us, he has a significant prior record and a significant prior record for theft.
>
> . . . [I]t's clear that [Baideme] got money and he didn't do the work and that he's been convicted in some cases and other cases plead guilty.
>
> . . . I might have gone less in this case, but Mr. Baideme's attitude and language has seeped through enough into this case that it's affected his sentencing.

*Id.* at 43-44. Here, the court simply did not give Baideme's mitigating factors the weight that he wished. Though it did not provide a lengthy explanation for imposing a consecutive sentence, it was not required to do so. *See* ***Commonwealth v. Malovich***, 903 A.2d 1247, 1253 (Pa.Super. 2006) ("[A] lengthy discourse on the trial court's sentencing philosophy is not required") (quoting ***Commonwealth v. McAfee***, 849 A.2d 270, 275 (Pa.Super. 2004)). The court did not abuse its discretion in fashioning Baideme's sentences.

Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date:  11/26/2019