J-S15019-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| SAMUEL SHRAMKO | : | |
| | : | |
| Appellant | : | No. 2097 EDA 2023 |

Appeal from the Order Entered July 17, 2023
In the Court of Common Pleas of Monroe County Criminal Division at
No(s): CP-45-CR-0000756-2022

BEFORE: OLSON, J., NICHOLS, J., and COLINS, J.[*]

MEMORANDUM BY NICHOLS, J.:                    **FILED AUGUST 13, 2024**

Appellant Samuel Shramko appeals from the order denying his timely first Post Conviction Relief Act[1] (PCRA) petition. Appellant argues that the PCRA court erred in denying his petition because his sentence is illegal. We affirm.

The PCRA court summarized the relevant facts and procedural history of this matter as follows:

> [Appellant] was arrested and ultimately charged with aggravated assault, strangulation, two counts of ethnic intimidation, terroristic threats, simple assault, disorderly conduct, harassment, and public drunkenness. The charges stemmed from separate incidents occurring over a short period of time in a shopping plaza in East Stroudsburg, Pennsylvania, in which [Appellant], while drunk, accosted and made derogatory racial remarks to Hispanic and Black males in the area. During the

---

[*] Retired Senior Judge assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

episode, [Appellant] physically assaulted and attacked two of the persons at whom he was casting racial and ethnic epithets.

On October 4, 2022, [Appellant] entered a negotiated *nolo contendere* plea in which he pled no contest to the initially-charged count of terroristic threats[2] and an agreed upon amended, additional count of terroristic threats. In exchange, the Commonwealth agreed to *nol pros* the remaining charges. The plea was entered on a written plea form that was signed by [Appellant], his attorney, and the Assistant District Attorney after [Appellant] was properly colloquied by the [trial c]ourt. The form stated that, "[o]n or [sic] February 21, 2022 in Monroe County, Pennsylvania I directly communicated a threat to commit violence against Joel Phillip. **I did this twice**." (Written Plea Colloquy, dated October 4, 2022[,] and filed October 7, 2022) (emphasis added). Likewise, during the colloquy conducted by the [trial c]ourt, [Appellant] acknowledged that if the case were to go to trial[,] the Commonwealth would be able to demonstrate that he twice communicated threats of violence against Joel Phillip.

Subsequently, the Commonwealth filed an amended criminal information in accordance with the negotiated plea deal and the facts acknowledged by [Appellant].

On December 20, 2022, [Appellant] was sentenced to 16 to 60 months' incarceration on one count of terroristic threats and 16 to 36 months on the second count. The sentences were run consecutively for an aggregate sentence of 32 to 96 months' incarceration. [Appellant] did not file either post-sentence motions or an appeal.

On March 2, 2023, [Appellant] filed a *pro se* PCRA [petition]. PCRA counsel was appointed and filed an amended [PCRA petition].

On July 17, 2023, a PCRA hearing was convened. [Appellant] and his plea counsel testified. PCRA counsel and the assistant district attorney argued their respective positions. At the conclusion of the hearing, after summarizing our reasoning on the record, we issued the challenged order that denied [Appellant's] PCRA [petition]. . . .

_____

[2] 18 Pa.C.S. § 2706(a)(1).

PCRA Ct. Op., 11/17/23, at 1-3 (emphasis in original) (some formatting altered and citations omitted).

Appellant filed a timely notice of appeal, and both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issue:

Did the PCRA court err as a matter of law and abuse its discretion in declining to grant post-conviction relief and correct and merge [] Appellant's two (2) sentences for terroristic threats which, as originally imposed, constitute an illegal sentence in violation of the merger doctrine under 42 Pa.C.S. § 9765?

Appellant's Brief at 2 (some formatting altered).

Appellant argues that the two counts of terroristic threats should have merged for sentencing purposes. *See id.* at 7. Specifically, Appellant asserts that the two crimes were the same, and they arose from the same continuous facts and conduct. *See id.* at 8-11. Appellant then cites to *Commonwealth v. Martinez*, 153 A.3d 1025 (Pa. Super. 2016), and *Commonwealth v. Conley*, 286 A.3d 313 (Pa. Super. 2022),[3] and he asserts that both cases support his argument that his sentences should merge because they arise from a "seamless event" constituting a single criminal act. *See id.* at 11-19.

The Commonwealth responds that the PCRA court properly denied Appellant's PCRA petition. *See* Commonwealth's Brief at 3-6. The

_____

[3] Appellant also cites to the unpublished decision in *Commonwealth v. Burkart*, 1916 MDA 2019, 2020 WL 6778766 (Pa. Super. filed Nov. 18, 2020) (unpublished mem.). *See* Appellant's Brief at 13-17. We note that unpublished decisions filed in this Court after May 1, 2019, may be cited for their persuasive value. *See* Pa.R.A.P. 126(b).

- 3 -

Commonwealth contends that there were two distinct criminal acts in this matter, and therefore, the two counts of terroristic threats do not merge. *See id.* at 3-5. The Commonwealth further argues that this Court's decisions in *Martinez* and *Conley* are readily distinguishable from the instant case. *See id.*

A claim that a petitioner is serving an illegal sentence is cognizable under the PCRA. *See Commonwealth v. Moore*, 247 A.3d 990, 997 (Pa. 2021). In reviewing an order denying a PCRA petition, our standard of review is well settled:

> [O]ur standard of review from the denial of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error.... [W]e apply a *de novo* standard of review to the PCRA court's legal conclusions.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

The Crimes Code defines terroristic threats as follow: "[a] person commits the crime of terroristic threats if the person communicates, either directly or indirectly, a threat to . . . commit any crime of violence with intent to terrorize another[.]" 18 Pa.C.S. § 2706(a)(1).

With respect to merger, the Sentencing Code states:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

> When considering whether there is a single criminal act or multiple criminal acts, the question is not whether there was a break in the chain of criminal activity. Th[e] issue is whether the actor commits multiple criminal acts beyond that which is necessary to establish the bare elements of the additional crime, [and if so,] then the actor will be guilty of multiple crimes which do not merge for sentencing purposes.

***Commonwealth v. Leaner***, 202 A.3d 749, 785 (Pa. Super. 2019) (quoting

***Commonwealth v. Pettersen***, 49 A.3d 903, 912 (Pa. Super. 2012)

(quotations and quotation marks omitted)).

Our Supreme Court has explained that Section 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." ***Commonwealth v. Baldwin***, 985 A.2d 830, 833 (Pa. 2009). "The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required." ***Commonwealth v. Healey***, 836 A.2d 156, 157-58 (Pa. Super. 2003) (citation omitted).

To determine whether there is a single criminal act, we must examine the crimes as charged by the Commonwealth. *See **Commonwealth v. Jenkins***, 96 A.3d 1055, 1060 (Pa. Super. 2014); *see also **Commonwealth v. Kimmel***, 125 A.3d 1272, 1277 (Pa. Super. 2015) (*en banc*) (considering the criminal complaint, criminal information, and affidavit of probable cause,

and concluding that the Commonwealth established the factual predicates to avoid merger).

Here, the amended criminal information charged Appellant, in relevant part, as follows:

> **COUNT 3: Terroristic Threats W/ Int To Terrorize Another - (M1)**
>
> On or about: 02/21/2022 **18 § 2706 §§ A1**
>
> Communicated, either directly or indirectly, a threat to commit a crime of violence with intent to terrorize another, namely Joel Phillip.
>
> **COUNT 4: Terroristic Threats W/ Int To Terrorize Another - (M1)**
>
> On or about: 02/21/2022 **18 § 2706 §§ A1**
>
> Communicated, either directly or indirectly, a threat to commit a crime of violence with intent to terrorize another.

Amended Criminal Information, 10/13/22, at 1.[4]

In addressing Appellant's claim, the PCRA court explained:

In this case, [Appellant] was arrested and charged with several felony and misdemeanor crimes resulting from [] multiple criminal acts committed against multiple victims at different locations in a shopping plaza. Although the separate incidents occurred close in time, they occurred at different times. Faced with two first-degree felonies, other crimes, and the attendant potentially significant jail time to which he was exposed, [Appellant], who has a prior record score of "5," negotiated a no contest plea to only two misdemeanor offenses. The plea took the two serious felonies,

_____

[4] The amended criminal information further charged Appellant with one count each of aggravated assault, disorderly conduct, harassment, public drunkenness, strangulation, and two counts of ethnic intimidation. *See* Amended Criminal Information, 10/13/22, at 1-2.

additional misdemeanors, and summary offenses off the table and very significantly reduced [Appellant's] sentencing exposure.

In entering the negotiated plea, [Appellant] specifically acknowledged, both in writing on the plea form he signed and orally in response to this [c]ourt's plea colloquy, that he committed (or that if the case were to go to trial the Commonwealth would be able to prove that he committed) terroristic threats **two times**. His specific acknowledgement was that "I did this [terroristic threats] twice." (Written Plea Colloquy, dated October 4, 2022 and filed October 7, 2022; N.T., 10/4/2022, pp. 14-16). Under settled law, [Appellant] is bound by the statements he made in and during the plea colloquy. **See Commonwealth v. Brown**, 48 A.3d 1275, 1277[] (Pa. Super. 2012) . . . .[5] Simply, [Appellant's] own statements, agreements, and acknowledgements made during and as part of a knowing, voluntary, and intelligent counseled plea demonstrate that [Appellant] committed more than one criminal act. As a result, Section 9765 merger does not apply.

Citing **Conley** and arguing language from the Criminal Information out of context, [Appellant] contends that merger applies because the two terroristic threats convictions arose from a single episode, for which the same victim is named, and the elements of the two crimes are the same. This argument does not save the day.

As we discussed during the PCRA hearing, **Conley** is distinguishable[,] and its holding and rationale are not as broad as [Appellant] argues. In **Conley**, the defendant committed a single act for which he was convicted of two differently graded counts of terroristic threats that had the same elements. Essentially, **Conley** was convicted and punished twice for committing a single act of terroristic threats because he was charged for the same conduct and act with two different gradings

_____

[5] "A defendant is bound by the statements made during the plea colloquy, and a defendant may not later offer reasons for withdrawing the plea that contradict statements made when he pled." **Brown**, 48 A.3d at 1277 (citation omitted).

of the crime. In accordance with established law, **Conley** should only have been sentenced on the higher-graded crime.[6]

Here, in contrast and as discussed, [Appellant] was convicted of and was sentenced for committing two different acts of terroristic threats. While as [Appellant] argues in the amended criminal information the same person was identified as the victim, [Appellant] acknowledged committing two separate acts of terroristic threats against that person. In this regard, contrary to [Appellant's] assertion, there is a face-of-the-record factual basis for [Appellant's] acknowledgment. Among other things, the criminal complaint, a copy of which is attached and incorporated into the amended PCRA motion, indicates that there were two separate acts or encounters relating to the named victim – one in the vestibule of the Giant supermarket, and the other outside the store after the two exited.[FN2]

> [FN2] Relatedly, the criminal complaint also shows that, during what [Appellant] calls the single "episode," there were multiple victims of [Appellant's] physical and verbal assaults. [Appellant] physically attacked two different individuals in two separate locations and cast racial and ethnic epithets against more than one person . . . and anyone who was Hispanic or Black.

What [Appellant] is now attempting is obvious. He entered into a very favorable plea deal that removed all felony crimes and significantly lessened his sentencing exposure. The plea was mutually negotiated with the Commonwealth and accepted by the [c]ourt. Thereafter, [Appellant] was sentenced in accordance with his negotiated plea to standard range sentences.[FN3] Now, after the fact, by posting an argument that is inconsistent with the statements he made and the factual basis of the negotiated plea he entered, [Appellant] is attempting to unilaterally alter the terms of the deal to make the plea even more favorable to him. This he cannot and should not be permitted to do.

> [FN3] Tellingly, [Appellant] discussed with his plea counsel the favorable terms of the sentence, especially the very substantial reduction in sentencing and jail time exposure,

---

6 Indeed, the **Conley** Court vacated the judgment of sentence at one count of terroristic threats and concluded that the two counts of terroristic threats arose from a single criminal act and merged for purposes of sentencing. **See Conley**, 286 A.3d at 321.

> before the plea was entered, and the sentence imposed was what plea counsel expected. (*See* N.T., 7/17/2023, pp. 9-10).

PCRA Ct. Op., 11/17/23, at 4-7 (some formatting altered and some citations omitted).

After review, we discern no error in the PCRA court's conclusion. The record reflects that the Commonwealth charged Appellant with two separate counts of terroristic threats, which were based on two separate criminal acts. *See* Criminal Compl., 2/21/22, at 3, 6; *see also* Am. Criminal Information, 10/13/22, at 1-2. Specifically, Appellant was charged with the first count of terroristic threats after he accosted Joel Phillip, used racial slurs inside the Giant grocery store, then proceeded to threaten and repeatedly strike Joel Phillip in the face with a closed fist. *See* Criminal Compl., 2/21/22, at 3, 6; *see also* Am. Criminal Information, 10/13/22, at 1-2. Appellant was charged with the second count of terroristic threats after Appellant "re-engaged" Mr. Phillip outside of the grocery store, began striking him in the head, then placed his hands around Mr. Phillip's neck and applied pressure. Criminal Compl., 2/21/22, at 3, 6; *see also* Am. Criminal Information, 10/13/22, at 1-2. Therefore, we agree with the PCRA court that there were two separate criminal acts.

Moreover, we note that in his written plea colloquy, Appellant specifically admitted that "[o]n or February 21, 2022 in Monroe County, Pennsylvania I directly communicated a threat to commit violence against Joel Phillip. **I did this twice**." Written Colloquy, 10/7/22, at 1 (unpaginated) (emphasis

- 9 -

added). Additionally, the on-the-record plea colloquy reveals the following exchange between the trial court and Appellant:

> THE COURT: [On] February 21 of 2022, here in Monroe County, you directly communicated a threat of violence against Joel Philip **and you did this twice**? You acknowledge the Commonwealth would be able to demonstrate those facts at trial, that you would not have an effective or a legal defense to those charges and those facts and that pleading no contest is in your best interest?
>
> THE DEFENDANT: Yes, sir, I do.
>
> THE COURT: And do you wish to, then, actually plead no contest to **two different counts of terroristic threats**?
>
> THE DEFENDANT: Yes, I do, sir.

N.T. 10/4/22, at 15 (emphasis added).

After review, we conclude that the PCRA court's determination is supported by the evidence of record and free of legal error. **See Sandusky**, 203 A.3d at 1043. We discern no error in the PCRA court's conclusion that Appellant's sentences did not merge because there were two separate criminal acts supporting two separate sentences.[7] **See Leaner**, 202 A.3d at 785;

---

[7] As noted, Appellant was charged with terroristic threats for two separate criminal acts. Therefore, to the extent Appellant relies on **Conley**, **Burkhart**, and **Martinez** to support his claim that his sentences should have merged, those cases are distinguishable. **See Conley**, 286 A.3d at 320 (concluding that charges merged as it was "clear that the Commonwealth charged [the defendant] for identical conduct at counts one and two of the criminal information. Specifically, both charges describe the incident in which [the defendant] threatened to kill the victim, her newborn child, and her father. . . . Therefore, [the defendant's] convictions arose from the same criminal act."); **Burkhart**, 2020 WL 6778766, at *7 (finding merger where the Commonwealth charged the defendant with two counts of terroristic threats for the entire series of threats issued by the defendant at count one and at

*(Footnote Continued Next Page)*

*Jenkins*, 96 A.3d at 1060; *see also Healey*, 836 A.2d at 157-58.   Therefore,

Appellant is not entitled to relief.  For these reasons, we affirm.

Order affirmed. Jurisdiction relinquished.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 8/13/2024

---

count two, and for that identical conduct at count four; count four was not a distinct offense addressing distinct conduct, and nothing in the record suggested that counts one and four addressed separate acts); *Martinez*, 153 A.3d at 1032 (stating because "neither the charging information nor supporting documents of record describe the operative facts in such a way as to distinguish the specific conduct underlying the offenses," this Court could not conclude "that the offenses were based on two discrete criminal acts for purposes of avoiding merger at sentencing").