J-S67037-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DAVID GREGORY GEHR | : | |
| | : | |
| Appellant | : | No. 148 MDA 2019 |

Appeal from the PCRA Order Entered December 20, 2018
In the Court of Common Pleas of Lycoming County Criminal Division at
No(s): CP-41-CR-0001010-2015

BEFORE:   OLSON, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STEVENS, P.J.E.:          **FILED FEBRUARY 26, 2020**

Appellant, David Gregory Gehr, appeals *pro se* from the order entered in the Court of Common Pleas of Lycoming County dismissing his first petition filed under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. § 9541-9546, after issuing Pa.R.Crim.P. 907 notice that the court had granted court appointed counsel's petition to withdraw and discerned no arguable merit to Appellant's petition.  Herein, Appellant claims that ineffective assistance of all prior counsel and trial court error require the withdrawal of what he contends was an invalid guilty plea.  We affirm.

In our memorandum decision **Commonwealth v. Gehr**, No. 1012 MDA 2016, unpublished memorandum at 1-2 (Pa.Super. filed April 13, 2017), we set forth the underlying facts and procedural history of the present matter:

---

[*] Former Justice specially assigned to the Superior Court.

On January 1, 2015, Gehr backed his vehicle into David Lunger's ("Lunger") vehicle. Gehr fled the scene without exchanging any information with Lunger. Lunger called the police and began to follow Gehr. The police eventually stopped Gehr. Gehr was found to be intoxicated, and possessed a small amount of marijuana, a glass pipe, and a .22 caliber rifle. Gehr told the police that he was drinking vodka at a friend's home, and that he smokes marijuana every day to relax. The police arrested Gehr and transported him to the hospital, where Gehr refused to submit to a blood test. Subsequently, the police determined that Gehr was a convicted felon and was not permitted to possess a firearm.

On January 5, 2016, Gehr pled guilty to the above-mentioned crimes[, namely, Persons not to Possess a Firearm, 18 Pa.C.S.A. § 6105(a)(1), Driving Under the Influence ("DUI")-Refusal, 75 Pa.C.S.A. § 3802(a)(1), and Possession of a Small Amount of Marijuana, 780-113(a)(31).]. On April 20, 2016, the trial court sentenced Gehr to five to ten years in prison for the person not to possess a firearm conviction, and a consecutive prison term of one and one-half to five years for the DUI-refusal conviction. The trial court also imposed fines upon Gehr. The trial court did not impose any further prison sentences on the remaining convictions.

Gehr filed Post-Sentence Motions, seeking to withdraw his guilty plea and reconsideration of his sentence. The trial court denied Gehr's request to withdraw his plea, but granted Gehr's reconsideration of sentence request. On June 7, 2016, the trial court imposed the same sentences for the person not to possess a firearm and DUI-refusal convictions, but imposed them concurrently. The trial court did not change the remaining part of the prior sentencing Order. Gehr filed a timely Notice of Appeal.

*Id*.

This Court rejected Gehr's six discrete challenges to the validity of his guilty plea as frivolous, finding that the record established he entered his plea knowingly, voluntarily, and intelligently. Gehr, we concluded, specifically stated he understood the charges against him and admitted to the facts that led to the charges. He acknowledged he would forego certain delineated rights

by pleading guilty, confirmed he was pleading of his own free will, and expressed satisfaction with counsel's representation. He indicated he understood the permissible ranges of sentence and that no specific sentence, whether county or state, was promised to him.

This Court, however, *sua sponte* addressed the legality of Gehr's sentence for DUI-refusal conviction under the then-recent decision of ***Birchfield v. North Dakota***, 136 S.Ct. 2160, 2185 (2016) (holding "a breath test, but not a blood test, may be administered as a search incident to a lawful arrest for drunk driving."). Finding no statutory authority to impose enhanced penalties for refusing to provide a blood sample when requested by police, we vacated judgment of sentence and remanded for resentencing. In so doing, we clarified that because Appellant had pled guilty to DUI under section 3802(a)(1), second offense, the trial court could impose the same sentence on remand, although it could not consider the mandatory minimum sentence for DUI-refusal in resentencing Appellant. ***Gehr***, supra at 9, 10 n.6. This Court, therefore, affirmed Appellant's convictions but vacated judgment of sentence and remanded for resentencing consistent with our decision.

At Appellant's resentencing hearing of August 10, 2017, the trial court acknowledged our decision but indicated, nonetheless, the decision would not have a functional effect on the term of Appellant's sentence, as the court had already run the DUI sentence concurrently to the Persons not to Possess sentence of 5 to 10 years' incarceration. N.T., 8/10/17, at 1-3. Substitute counsel from the Public Defender's Office advised the court, however, that

Appellant wished to continue the proceeding so he could talk to appointed counsel from the Defender's Office. N.T. at 3-4.

When asked by the court to explain his position, Appellant stated he was dissatisfied with appointed counsel's representation during the guilty plea phase, submission of an **Anders** brief and motion for withdrawal on direct appeal, and alleged failure to reply to two letters written by Appellant in the months leading to the present sentencing hearing. N.T. at 3-15. The court initially responded by discussing Appellant's plea colloquy, wherein Appellant had specifically denied harboring any dissatisfaction with plea counsel, the terms of his plea agreement, or the possible sentence that would follow. N.T. at 11-16.

The court also opined that Appellant's current objections failed to relate to the present hearing, the discrete purpose of which was to resentence Appellant consistent with the Superior Court's invalidation of the DUI-refusal mandatory sentence. Specifically, the court maintained that because Appellant had knowingly entered an open guilty plea to DUI at 3802(a)(1),[1]

---

[1] Appellant argued that he had pled guilty to DUI-refusal and not DUI-general impairment, such that a new guilty plea hearing was required. As noted by this Court in Appellant's direct appeal, however, the criminal information against Appellant charged him under 75 Pa.C.S. § 3802(a)(1). It was well-settled at the relevant time that DUI-refusal neither constituted a separate crime from DUI-general impairment nor added an element to the offense at Section 3802. Rather, it simply supplied a sentencing enhancement, provided at Section 3804(c), upon a conviction under Section 3802 where refusal to submit to a blood or breath test occurred. **See Commonwealth v. Kimmel**, 125 A.3d 1272 (Pa.Super. 2015) (citing **Commonwealth v. Mobley**, 14 A.3d

the court had run the DUI sentence concurrent to the Persons not to Possess sentence,[2] and the Superior Court had affirmed this conviction and instructed that the same sentence could attach as long it did not reflect consideration of the DUI-refusal mandatory minimum statute, the Superior Court's order and remand did not affect the original sentencing scheme.

The court, therefore, denied Appellant's requests for a continuance and/or a new guilty plea hearing. Consistent with its earlier statement of intent, the court imposed the lowest possible DUI sentence of five days to six months' incarceration and ran it concurrently to the Persons not to Possess sentence, for an aggregate sentence of five to ten years' incarceration. N.T. at 5, 17-20. The court advised Appellant of his options with respect to asserting the ineffective assistance of prior counsel, and it concluded the hearing. N.T. at 18-23.

On September 19, 2017, Appellant filed a *pro se* PCRA petition, and the PCRA court appointed counsel. The court conducted a status conference on December 14, 2017, at which time it granted counsel an additional sixty days to file either an amended PCRA petition or a no merit letter pursuant to

_____

887, 891 (Pa.Super. 2011). Presently, and in conformance with the **Birchfield** decision, the General Assembly has amended Section 3804(c) to apply only to refusals of breath tests or testing of blood pursuant to a valid search warrant.

[2] With an offense gravity score of 10 for Persons not to Possess and Appellant's prior record score of 5, the standard guideline range for the offense was 60 to 72 months. As such, Appellant's minimum sentence lies at the bottom of the standard guideline range.

*Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

On January 22, 2018, counsel filed a motion to withdraw as counsel and a *Turner*/*Finley* no-merit letter.  On February 28, 2018, the PCRA court filed an Order and Opinion granting counsel's petition and providing Rule 907 notice to Appellant of its intent to dismiss his petition as meritless in twenty days. Appellant responded by filing another PCRA petition and amendment that essentially reiterated the issues already raised in his first PCRA petition. Therefore, on December 20, 2018, the PCRA Court filed an Opinion and Order dismissing all of Appellant's PCRA petition as well as his purported subsequent petition and amendments raising the same issues.  This timely *pro se* appeal followed.

Appellant presents the following questions for this Court's consideration:

1. [Should] the Petitioner be granted his direct appeal rights back, on all of his initial claims, that trial counsel forfeited because of his abandonment[?]

2. [Did] the lower court commit[ ] reversible error in it's [sic] failure to properly address counsel Joshua Bower/ineffectiveness concerning petitioner open plea hearing, violating petitioner's Sixth Amendment right for effective assistance of counsel[?]

3. [Did] the lower court commit[ ] reversible error in it's [sic] failure to properly address counsel Joshua Bower/counsel Ravi Marfata['s] ineffectiveness, for failing to go over with petitioner his criminal history, offense gravity score and prior record score[?]

4. [Were] trial counsel Joshua Bower/counsel Ravi Marfata were ineffective for advising and inducing petitioner to plead guilty and in return petitioner would be guaranteed a county sentence instead of a state sentence in which petitioner received a 1 ½ year to 5 year [sentence], to run concurrent with a 5 years to [10] years state sentence[?]

Brief for Appellant, at 2.

Our scope and standard of review is well settled:

In PCRA appeals, our scope of review is limited to the findings of the PCRA court and the evidence on the record of the PCRA court's hearing, viewed in the light most favorable to the prevailing party. Because most PCRA appeals involve questions of fact and law, we employ a mixed standard of review. We defer to the PCRA court's factual findings and credibility determinations supported by the record. In contrast, we review the PCRA court's legal conclusions *de novo.*

*Commonwealth v. Reyes-Rodriguez*, 111 A.3d 775, 779 (Pa.Super. 2015)

(citations omitted).

When the PCRA court has dismissed a petitioner's PCRA petition without an evidentiary hearing, we review the PCRA court's decision for an abuse of discretion. *Commonwealth v. Roney*, 79 A.2d 595, 604 (Pa. 2013). The PCRA court has discretion to dismiss a petition without a hearing when the court is satisfied that there are no genuine issues concerning any material fact, the defendant is not entitled to post-conviction collateral relief, and no legitimate purpose would be served by further proceedings. *Id*. To obtain a reversal of a PCRA court's decision to dismiss a petition without a hearing, an appellant must show that he raised a genuine issue of material fact which, if resolved in his favor, would have entitled him to relief, or that the court otherwise abused its discretion in denying a hearing.

*Commonwealth v. Blakeney*, 108 A.3d 739, 750 (Pa. 2014).

In order to be eligible for PCRA relief, a petitioner must plead and prove, *inter alia*, "[t]hat the allegation of error has not been previously litigated or waived." 42 Pa.C.S. § 9543(a)(3). Pursuant to Section 9544, an issue has

been "previously litigated if ... the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue." 42 Pa.C.S. § 9544(a)(2). Furthermore, an issue is waived "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal or in a prior state post conviction proceeding." 42 Pa.C.S. § 9544(b). Moreover, in order to preserve an issue for appellate review, a petitioner must also include the claim in his PCRA petition. *See Commonwealth v. Baumhammers*, 92 A.3d 708, 731 (Pa. 2014) (explaining, "waiver cannot be avoided solely by reference to [petitioner's] Concise Statement of Matters Complained of on Appeal, as such a statement, which is provided after the notice of appeal has already been filed, cannot operate to add new substantive claims that were not included in the PCRA petition itself.").

Appellant's claims collectively assert that all prior counsel ineffectively prepared for his guilty plea and/or provided him with incorrect information regarding the possibility of receiving a county sentence should he plead guilty. His further charges the court with erroneously proceeding with the guilty plea hearing under such circumstances. Finally, Appellant also contends that PCRA counsel failed to pursue these claims appropriately.

To obtain relief under the PCRA premised on an ineffectiveness claim, a petitioner must establish, by a preponderance of the evidence, that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Commonwealth*

*v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id*. This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) counsel's act or omission prejudiced the petitioner. *Id.* at 533.

With regard to claims of ineffectiveness related to the entry of plea, we further note:

> Ineffective assistance of counsel claims arising from the plea bargaining-process are eligible for PCRA review. Allegations of ineffectiveness in connection with the entry of a guilty plea will serve as a basis for relief only if the ineffectiveness caused the defendant to enter into an involuntary or unknowing plea. Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases.
>
> The standard for post-sentence withdraw of guilty pleas dovetails with the arguable merit/prejudice requirements for relief based on a claim of ineffective assistance of plea counsel, ... under which the defendant must show that counsel's deficient stewardship resulted in a manifest injustice, for example, by facilitating the entry of an unknowing, involuntary, or unintelligent plea. This standard is equivalent to the "manifest injustice" standard applicable to all post-sentence motions to withdraw a guilty plea.

*Commonwealth v. Kelley*, 136 A.3d 1007, 1012-13 (Pa. Super. 2016) (citations omitted).

Initially, we note that Appellant has failed to include his first enumerated issue in his court-ordered Pa.R.A.P. 1925(b) concise statement of matters

- 9 -

complained of on appeal. Rule 1925(b) provides that a judge 'may enter an order directing the appellant to file of record in the trial court and serve on the judge a concise statement of the errors complained of on appeal ('Statement').' The Rule also provides that "[i]ssues not included in the Statement . . . are waived."). Pa.R.A.P. 1925(b)(4)(iv).

In **Commonwealth v. Lord**, 719 A.2d 306 (Pa. 1998), our Supreme Court held that any issues not raised in a court-ordered Rule 1925(b) statement will be deemed waived. **Lord**, 719 A.2d at 309. This Court has held that '[o]ur Supreme Court intended the holding in **Lord** to operate as a bright-line rule, such that failure to comply with the minimal requirements of Pa.R.A.P. 1925(b) will result in automatic waiver of the issues raised.' **Greater Erie Indus. Dev. Corp. v. Presque Isle Downs, Inc.**, 88 A.3d 222, 224 (Pa.Super. 2014) (*en banc*) (emphasis in original) (quoting **Commonwealth v. Schofield**, 888 A.2d 771, 774 (Pa. 2005)).

Waiver applies, however, only if the court properly served written notice of the Rule 1925(b) obligations to Appellant and noted on the docket the giving of such notice. **See Presque Isle**, 88 A.3d at 226. "[S]trict application of the bright-line rule in **Lord** necessitates strict interpretation regarding notice of Rule 1925(b) orders." **Id**. The certified record confirms the court has satisfied both obligations in this regard. Therefore, we deem Appellant's first issue waived under Rule 1925(b)(4)(iv).

Appellant's remaining claims center on the asserted invalidity of his guilty plea. As noted above, some claims allege trial court error, and it is clear

from our review of the record that Appellant pressed these claims previously on direct appeal but to no avail. He may not, therefore, relitigate these claims on collateral review. *See* 42 Pa.C.S. § 9544(a)(2). Moreover, to the extent these claims of trial court error are distinct from what Appellant previously raised and litigated, they are waived, for he could have raised such claims on direct appeal. *See* 42 Pa.C.S. § 9544(b).

To the extent Appellant's challenges to the validity of his plea is couched within ineffective claims, they are not previously litigated or waived, for "an ineffective assistance of counsel claim is a separate legal issue distinct from the underlying substantive claim for which counsel allegedly had provided ineffective assistance." *Commonwealth v. Derk*, 913 A.2d 875, 883 n.6 (Pa. Super. 2006); *see also Commonwealth v. Collins*, 888 A.2d 564, 573 (Pa. 2005). Nevertheless, Appellant fails to establish arguable merit to any of the claims assailing the representation he received during his guilty plea proceedings.

During his guilty plea colloquy, Appellant expressly denied that coercion or a promised sentence motivated his plea. Moreover, he unequivocally voiced his satisfaction with counsel. Nothing he asserts herein places his colloquy in doubt. It follows, therefore, that Appellant's bare assertion that PCRA counsel were ineffective for not advancing the claims of guilty plea counsels' ineffectiveness likewise cannot prevail, it fails as well, for we may not deem counsel ineffective for failing to raise a meritless claim. *Commonwealth v. Fears*, 86 A.3d 795, 809 (Pa. 2014).

- 11 -

Finally, our review of Appellant's ***pro se*** brief discloses that he raises, for the first time, a challenge to the legality of his sentence asserting a violation of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013). However, ***Alleyne*** does not apply to Appellant's case. ***Alleyne*** holds that a finder of fact must find beyond a reasonable doubt any fact that triggers application of a mandatory minimum sentence for a crime. The sentence at issue here does not include a mandatory minimum sentence.

Appellant pled guilty following a negotiated plea and received a five to ten year sentence for Persons not to Possess under a sentencing guideline matrix based on his prior record score and offense gravity score. Indeed, the penalty at Section 6105 does not require a mandatory minimum sentence, Appellant specifically pled guilty to the facts that supported grading as a felony of the second degree, and he received a minimum sentence at the bottom of the standard range and a maximum sentence within the statutory limit for a felony of the second degree. ***See*** 18 Pa.C.S.A. § 1103(2) (setting maximum sentence for felony of second degree at not more than ten years). Nor did the court impose a mandatory minimum sentence when resentencing Appellant on his DUI general impairment conviction, which Appellant, again, had already supported through his admission to all requisite facts during his plea. Therefore, we conclude Appellant's sentence is not illegal under ***Alleyne***.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 2/26/2020