J-S16029-21

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| DEMETRIUS WILLIAMS | : | |
| | : | |
| Appellant | : | No. 1927 EDA 2020 |

Appeal from the PCRA Order Entered August 28, 2020
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0008031-2016

BEFORE: BENDER, P.J.E., McLAUGHLIN, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY McLAUGHLIN, J.:　　　**FILED SEPTEMBER 13, 2021**

Demetrius Williams appeals *pro se* from the denial of his petition filed pursuant to the Post-Conviction Relief Act, ("PCRA"), 42 Pa.C.S.A. §§ 9541 – 9546. Williams challenges the legality of his sentence and claims his trial counsel was ineffective. We affirm.

Williams entered a non-negotiated guilty plea on January 9, 2018, for Involuntary Manslaughter, Firearms Not to Be Carried Without a License, and Endangering the Welfare of a Child.[1] The charges stemmed from a tragic event in which Williams' stepdaughter accidentally shot herself with a loaded firearm Williams placed in an open closet in his home. Sentencing was deferred for the preparation of a presentence investigation report.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 18 Pa.C.S.A. §§ 2504(b), 6106(a), 4304(a), respectively.

The trial court sentenced Williams on March 27, 2018, to five to ten years' incarceration for involuntary Manslaughter, three and a half to seven years' incarceration for Firearms Not to Be Carried Without a License, plus one to two years' incarceration for a probation violation. The court ordered Williams to serve the sentences consecutively, for an aggregate sentence of nine and a half to 19 years in prison. The court imposed no further penalty on the endangering the welfare of a minor charge. The trial court denied Williams' motion for reconsideration of his sentence, and he did not file a direct appeal.

Williams then filed this timely, first, *pro se* PCRA petition. The court appointed counsel, who subsequently filed a ***Turner/Finley***[2] letter, averring that there were no meritorious issues. The court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition, and Williams filed a *pro se* response. Ultimately, the court permitted counsel to withdraw in an order dated August 24, 2020 and dismissed Williams' PCRA petition in an order dated August 28, 2020. This timely appeal followed.[3]

---

[2] ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988); ***Commonwealth v. Finley***, 550 A.2d 213 (Pa.Super. 1988) (*en banc*).

[3] The court's August 24, 2020 order also purports to dismiss Williams' petition, but we will consider the August 28, 2020 order the operative order for appeal purposes. Therefore, in order to be timely, Williams' notice of appeal was required to be filed by September 28, 2020. **See** Pa.R.A.P. 903(a)(notice of appeal to be filed within 30 days after the entry of the order from which the appeal is taken). Williams dated his instant *pro se* notice of appeal, September 26, 2020, but the notice was docketed on September 29, 2020. However, pursuant to the prisoner mailbox rule, we deem Williams' notice of appeal to be filed on September 26, 2020 and therefore timely. **See Commonwealth**
*(Footnote Continued Next Page)*

- 2 -

Williams raises the following issues (verbatim):

1) Did the Trial Court and/or PCRA court error, abuse its discretion, or error in law when it imposed a sentence greater than the lawful maximum at sentencing, and/or when the PCRA court did not correct the error on appeal?

2) Whether trial counsel['s] failure to object to the illegal sentence imposed at sentencing was ineffective assistance of counsel? Whether PCRA counsel was ineffective §9543(a)(2)(II), for not arguing trial counsel's ineffectiveness pertaining to the underlying claim? Whether both counsels were ineffective for not arguing the underlying claim that resulted in a sentence greater than the lawful maximum §9543(A)(2)(VII)?

Williams' Br. at 4.

We review the denial of a PCRA petition to determine whether the record supports the court's findings and whether the ruling is free of legal error. *See Commonwealth v. Calhoun*, 52 A.3d 281, 284 (Pa.Super. 2012).

Williams first argues that the trial court imposed an excessive sentence by considering his multiple past arrests on weapons charges. He also asserts that the sentencing court miscalculated of his prior record score and offense

---

*v. Crawford*, 17 A.3d 1279, 1281 (Pa.Super. 2011) ("Under the prisoner mailbox rule, we deem a *pro se* document filed on the date it is placed in the hands of prison authorities for mailing"). Further, the docket fails to specify the date the August 28, 2020 order was served, as set forth under Pa.R.Crim.P. 114(C)(2)(c). However, attached to the order was proof of service confirming the order was sent on the same date as the order was dated. Further, Williams clearly received service because he filed a timely notice of appeal. Thus, we will "regard as done that which ought to have done and treat the appeal . . . as timely, *i.e.,* treat [the] appeal as if the Clerk inscribed the date of service on the docket [as of the date the order was filed]." *Commonwealth v. Carter*, 122 A.3d 388, 391 (Pa.Super. 2015) (citing *Commonwealth v. Howard*, 659 A.2d 1018, 1021 n. 12 (Pa.Super. 1995)).

gravity score, and that its application of the deadly weapons enhancement was erroneous. He appears to contend that these alleged errors resulted in a sentence greater than the lawful maximum, rendering his sentence illegal. However, Williams failed to assert either of these issues in his Pa.R.A.P. 1925(b) statement. Williams therefore waived these claims. Pa.R.A.P. 1925(b)(4)(vii) ("Issues not included in the Statement and/or not raised in accordance with the provisions of this paragraph (b)(4) are waived"). Moreover, Williams' claims are also waived because they concern the discretionary aspects of his sentence, which are not cognizable under the PCRA. *See Commonwealth v. Cook*, 941 A.2d 7, 11 (Pa. Super. 2007); *Commonwealth v. Medley*, 725 A.2d 1225, 1228 (Pa.Super. 1999); *Commonwealth v. Archer*, 722 A.2d 203, 211 (Pa. Super. 1998).

Williams also argues that his sentence was illegal because his convictions for Involuntary Manslaughter, Firearms Not to Be Carried Without a License, and Endangering the Welfare of a Child should have merged for sentencing purposes. Our standard of review for a merger claim is *de novo* and our scope of review is plenary. *Commonwealth v. Tanner*, 61 A.3d 1043, 1046 (Pa.Super. 2013). Convictions merge for sentencing purposes where: "(1) the crimes arise from a single criminal act; and (2) all of the statutory elements of one of the offenses are included within the statutory elements of the other." *Commonwealth v. Kimmel*, 125 A.3d 1272, 1276 (Pa.Super. 2015) (*en banc*) (quoting *Commonwealth v. Raven*, 97 A.3d 1244, 1249 (Pa.Super. 2014). "To determine whether offenses are greater

- 4 -

and lesser included offenses, we compare the elements of the offenses." ***Commonwealth v. Watson***, 228 A.3d 928, 941 (Pa.Super. 2020) (internal citations and quotation marks omitted). "If both crimes require proof of at least one element that the other does not, then the sentences do not merge." ***Id.***

"A person is guilty of involuntary manslaughter when as a direct result of the doing of an unlawful act in a reckless or grossly negligent manner, or the doing of a lawful act in a reckless or grossly negligent manner, he causes the death of another person." 18 Pa.C.S.A. § 2504(a). While involuntary manslaughter is typically graded as a misdemeanor of the first degree, it is considered a felony of the second degree where the factfinder determines that "the victim is under 12 years of age and is in the care, custody or control of the person who caused the death." 18 Pa.C.S.A. § 2504(b). A person is guilty of firearms not to be carried without a license pursuant to our criminal code when the person, "carries a firearm in any vehicle or any person who carries a firearm concealed on or about his person, except in his place of abode or fixed place of business, without a valid and lawfully issued license" 18 Pa.C.S.A. § 6106(a)(1).

In this case, the trial court declined to impose any further penalty on the Endangering the Welfare of a Child conviction. Thus, Williams' argument that his sentence for this charge should have merged is moot. Furthermore, Williams fails to identify elements common to Involuntary Manslaughter and Firearms Not to Be Carried Without a License . Indeed, the trial court correctly

concluded that these two charges contain entirely different elements and therefore could not merge for sentencing purposes. Thus, Williams' first issue is devoid of merit.

Next, Williams claims that both his trial and PCRA counsel were ineffective for failing to argue that the charges of Involuntary Manslaughter, Firearms Not to Be Carried Without a License, and Endangering the Welfare of a Child should have merged for sentencing purposes. A petitioner who raises a claim of ineffective assistance of counsel must overcome the presumption that counsel is effective. **See Commonwealth v. Mason**, 130 A.3d 601, 618 (Pa. 2015). To do so, the petitioner must plead and prove all of the following: "(1) the legal claim underlying the ineffectiveness claim has arguable merit; (2) counsel's action or inaction lacked any reasonable basis designed to effectuate petitioner's interest; and (3) counsel's action or inaction resulted in prejudice to petitioner." **Id.** (citation omitted).

As stated above, the merger doctrine does not apply to this case. Thus, counsel were not ineffective for failing to raise a merger claim. **See Commonwealth v. Spotz**, 896 A.2d 1191, 1210 (Pa. 2006) ("Counsel will not be deemed ineffective for failing to raise a meritless claim"). Accordingly, we affirm the trial court's dismissal of Williams' PCRA petition.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 9/13/2021