J-S47024-20

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| MICHAEL THOMAS MATTHEWS | : | |
| | : | |
| Appellant | : | No. 658 MDA 2020 |

Appeal from the Judgment of Sentence Entered October 31, 2019
In the Court of Common Pleas of Lancaster County Criminal Division at
No(s):  CP-36-CR-0003442-2018

BEFORE:   STABILE, J., NICHOLS, J., and STRASSBURGER, J.[*]

MEMORANDUM BY NICHOLS, J.:          **FILED: FEBRUARY 23, 2022**

Appellant Michael Thomas Matthews appeals from the judgment of sentence imposed after a jury found him guilty of arson—danger of death or bodily injury, aggravated arson—person present inside property, and causing catastrophe.[1]   This matter returns to this Court after we remanded for an amended ***Anders***/***Santiago***[2] brief or an advocate's brief.   Appellant has obtained new counsel who filed an advocate's brief challenging (1) the sufficiency of the evidence concerning his convictions for causing catastrophe and aggravated arson—person present inside property and (2) the legality of the separate sentences for arson—danger of death or bodily injury and

_____

[*] Retired Senior Judge assigned to the Superior Court.

[1] 18 Pa.C.S. §§ 3301(a)(1)(i), 3301(a.1)(1)(ii), and 3302(a), respectively.

[2] ***Anders v. California***, 386 U.S. 738 (1967); ***Commonwealth v. Santiago***, 978 A.2d 349 (Pa. 2009).

aggravated arson—person present inside property, as well as the trial court's imposition of conditions concerning his imprisonment and parole.[3]  We vacate the judgment of sentence  and remand for further proceedings consistent with this memorandum.

This Court previously summarized the factual background of Appellant's convictions, *see Commonwealth v. Matthews*, 658 MDA 2020, 2021 WL 2772838, at *1-2 (Pa. Super. filed July 1, 2021) (unpublished mem.), which we need not restate here as we write for the benefit of the parties. Procedurally, we note that on October 31, 2019, the trial court sentenced Appellant to serve an aggregate nine to twenty-seven years' imprisonment consisting of three consecutive terms of three to nine years in the state correctional system.   The trial court set special conditions for domestic violence offenders as part of its sentence.

Appellant timely appealed from the judgment of sentence, and his previous counsel submitted a petition to withdraw and an *Anders*/*Santiago* brief.  This Court denied the petition to withdraw and remanded for the filing of an amended *Anders*/*Santiago* brief or an advocate's brief.  *Id.* at *10.

---

[3] Appellant's present counsel also filed an application in this Court to compel the Lancaster County clerk of court to transmit a stipulation and trial exhibits on December 13, 2021.  By December 23, 2021, this Court received the stipulation and all of the trial exhibits in a supplemental record.  Therefore, we dismiss Appellant's application to compel as moot.

Following this Court's remand, Appellant's present counsel entered her appearance and filed an advocate's brief raising four issues that we have reordered as follows:

1. Was the evidence presented by the Commonwealth insufficient to prove beyond a reasonable doubt that [Appellant] committed the offense of causing catastrophe where the evidence did not establish that [Appellant] intentionally or knowingly caused widespread injury or damage?

2. Where the fire which endangered persons was not set while [Appellant's wife] was present in the house, was the evidence insufficient to prove beyond a reasonable doubt that [Appellant] was guilty of aggravated arson?

3. Where the trial court instructed the jury that arson endangering persons was an element of aggravated arson, should these two offenses have merged for purposes of sentencing?

4. Did the trial court err in ordering, as a condition of [Appellant]'s state sentence, that he comply with a lengthy series of domestic violence conditions, where the court had no jurisdiction to impose these conditions, as the Pennsylvania Department of Corrections has exclusive authority over state prison conditions, and the Pennsylvania Department of Probation and Parole has exclusive authority over state parole conditions?

Appellant's Brief at 7-8 (formatting altered).[4]

_____

[4] Although present counsel elected to file an advocate's brief, she did not seek leave to file a supplemental Pa.R.A.P. 1925(b) statement. Furthermore, previous counsel filed a statement of her intent to file an **_Anders_/_Santiago_** brief, **_see_** Pa.R.A.P. 1925(c)(4) (subsequently amended eff. Apr. 1, 2022), and the trial court did not file a Rule 1925(a) opinion. Although we could remand for the filing of a supplemental Rule 1925(b) statement and Rule 1925(a) opinion, we decline to do so in this case because, as we discuss below, Appellant's sufficiency and legality of sentence claims present pure questions of law. We remind counsel, however, that the failure to include issues in a
*(Footnote Continued Next Page)*

## Sufficiency of the Evidence

Appellant's first two issues challenge the sufficiency of the evidence, and the following principles governs our review:

> The standard we apply in reviewing the sufficiency of the evidence is whether viewing all the evidence admitted at trial in the light most favorable to the verdict winner, there is sufficient evidence to enable the fact-finder to find every element of the crime beyond a reasonable doubt. In applying the above test, we may not weigh the evidence and substitute our judgment for the fact-finder. In addition, we note that the facts and circumstances established by the Commonwealth need not preclude every possibility of innocence. Any doubts regarding a defendant's guilt may be resolved by the fact-finder unless the evidence is so weak and inconclusive that as a matter of law no probability of fact may be drawn from the combined circumstances. The Commonwealth may sustain its burden of proof of proving every element of the crime beyond a reasonable doubt by means of wholly circumstantial evidence. Moreover, in applying the above test, the entire record must be evaluated and all the evidence actually received must be considered. Finally, the trier of fact while passing on the credibility of witnesses and the weight of the evidence produced, is free to believe all, part[,] or none of the evidence.

*Commonwealth v. Bragg*, 133 A.3d 328, 330-31 (Pa. Super. 2016) (citation omitted).

## Sufficiency—Causing Catastrophe

Appellant first claims that his conviction for causing a catastrophe must be vacated. Appellant's Brief at 25. Appellant argues that a plain reading of Section 3302(a) requires the Commonwealth to prove that his conduct caused

Rule 1925(b) statement generally results in the waiver of the issue. *See* Pa.R.A.P. 1925(b)(3)(iv); *Commonwealth v. Hansley*, 24 A.3d 410, 415 (Pa. Super. 2011).

widespread damage or injury. *Id.* at 19-23. Appellant asserts that the Commonwealth failed to present evidence that widespread damage or injury occurred. *Id.* at 25. The Commonwealth agrees that relief is due. Commonwealth's Brief at 6, 8.

This Court previously outlined the relevant statutes and decisional law when finding this issue had arguable merit. *See Matthews*, 2021 WL 2772838, at *6-9. Because the Commonwealth concedes that that Appellant's conviction was not sufficiently supported by the evidence, we do not repeat our prior discussion. We conclude that Appellant is entitled to relief because the Commonwealth failed to establish that Appellant's conduct resulted in widespread damage or injury and, therefore, that Appellant caused a catastrophe as required by Section 3302(a). *See* 18 Pa.C.S. § 3302(a). Therefore, we reverse Appellant's conviction for causing a catastrophe.[5]

### Sufficiency—Aggravated Arson—Person Present Inside Property

Appellant next claims that the evidence was insufficient to prove his aggravated arson conviction under Section 3301(a.1)(1)(ii). Appellant's Brief at 33. Appellant contends that he started two fires—the first, a minor fire at

---

[5] Because we vacate Appellant's conviction for causing a catastrophe, on which the trial court imposed a consecutive sentence, we vacate the judgment of sentence as a whole and remand this matter for resentencing. *See Commonwealth v. Steele*, 234 A.3d 840, 848 (Pa. Super. 2020) (indicating that this Court vacated an appellant's entire sentence because the reversal of a conviction upset the trial court's sentencing scheme). We note that aside from Appellant's assertion that the charge of violating Section 3302(a) must be vacated, neither Appellant nor the Commonwealth had addressed whether a conviction for risking catastrophe pursuant to Section 3302(b) could stand as a lesser included offense. We decline to address this issue *sua sponte*.

the top of the stairs when his wife was inside the home, and the second, the larger fire in the upstairs bedroom, when his wife was no longer in the home. *Id.* at 32. Appellant asserts that the Commonwealth failed to establish that the first fire "created any risk to anyone." *Id.* Appellant emphasizes the evidence that the first fire resulted in a relatively small burn pattern underneath the carpet at the top of the stairs and that a first responder described as small and would not have impeded Appellant from exiting the home. *Id.* According to Appellant, it was only the second fire that "resulted in heavy smoke and significant heat, making it difficult and dangerous for police [and firefighters] to rescue [him.]" *Id.* Appellant contends that he set the second fire "**after** [his wife] left the house." *Id.* (emphasis in original).

The Commonwealth asserts that sufficient evidence supported Appellant's conviction for aggravated arson—person present inside property because Appellant intentionally set fire to his residence when his wife was inside of the residence.[6] Commonwealth's Brief at 13-14. The Commonwealth adds that the first fire caused the smoke alarm to activate and damaged the floor underneath the carpet. *Id.* at 14. The Commonwealth notes that a fire investigator testified that the first fire was a "secondary point of origin of the fire and smoke that engulfed much of the second story of the residence and

_____

[6] The Commonwealth also asserts that this Court previously decided this issue when accepting portions of Appellant's previous counsel's *Anders*/*Santiago* brief. Although we previously concluded that this claim was frivolous, we will address this issue in an abundance of caution due to the more developed arguments presented by Appellant's current counsel and the Commonwealth.

placed first responders in danger" and that "first responders necessarily had to proceed up the narrow staircase" where Appellant set the first fire. *Id.* The Commonwealth concludes that the "evidence admitted at trial when viewed in the light most favorable to the Commonwealth, was sufficient to establish that the first fire alone recklessly placed other persons in danger of death or bodily injury." *Id.* at 14-15.

Section 3301 defines arson in relevant part, as follows:

**(a) Arson endangering persons.—**

(1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:

(i) he thereby recklessly places another person in danger of death or bodily injury, including but not limited to a firefighter, police officer or other person actively engaged in fighting the fire . . . .

\* \* \*

**(a.1) Aggravated arson.—**

(1) A person commits a felony of the first degree if he intentionally starts a fire or causes an explosion, or if he aids, counsels, pays or agrees to pay another to cause a fire or explosion, whether on his own property or on that of another, and if:

\* \* \*

(ii) he commits an offense under this section which is graded as a felony when a person is present inside the property at the time of the offense.

18 Pa.C.S. § 3301(a)(1)(i), (a.1)(1)(ii).

Instantly, the record reveals the following. Appellant's wife testified that during an argument, Appellant began burning papers at the top of the stairway when she was downstairs in the foyer. *See* N.T., Trial Vol. 1., 8/26/19, at 67-68, 71-72. She then called 911, and then exited through the front door of the home. *Id.* She did not see Appellant again, but heard a smoke alarm, and then heard Appellant say that her bedroom was on fire. *Id.* at 74, 80-81.

Sergeant Eric Schmidt of the Ephrata Police Department responded to the home within minutes[7] of receiving a dispatch and saw "a lot of smoke" and "a little bit of fire at the top of the" stairway.[8] *See id.* at 85. Sergeant Schmidt attempted to go up the stairway to locate Appellant, but he only "went about half way or three-quarters the way up the stairs" because of the heavy smoke. *Id.* After the sergeant retreated and exited the home, Appellant briefly reappeared. *Id.* at 88-89. Sergeant Schmidt again entered the home with firefighters to save Appellant, who, by that point locked himself in an upstairs bedroom and hid inside a closet. Firefighters then went upstairs, attacked the fire, and ultimately rescued Appellant, who was hiding in a closet.

---

[7] The transcript of Appellant's wife's 911 call indicates that she was on the phone for four minutes and fifty seconds, and she states at the end of the call that "[t]he police are here." Commonwealth's Ex. 10 at 4. The wife testified that Sergeant Schmidt was the first officer to arrive. N.T., Trial Vol. 1., 8/26/19 at 72.

[8] As emphasized by Appellant, Sergeant Schmidt testified that the fire or burn spot at the top of the stairs would not have impeded Appellant from exiting the home from upstairs. *Id.* at 100.

Pennsylvania State Trooper Colby Shesko testified as an expert in fire investigation and detection. *See* N.T., Trial Vol. 2, 8/27/19, at 138. Trooper Shesko described the burn marks at the top of the stairs as a "secondary ignition or secondary point of origin." *See id.* at 138, 146.

Viewing this record in a light most favorable to the Commonwealth, we conclude that it was reasonable for the jury to determine that the first fire, which Appellant set when his wife was inside the home, contributed to the hazard first responders faced when fighting the fire and rescuing Appellant. Appellant's contention that the first fire alone was minor and did not endanger others rests on speculation and inferences drawn in his favor. *See Bragg*, 133 A.3d at 330 (reiterating that a review of the sufficiency of the evidence requires viewing all the evidence in a light most favorable to the Commonwealth).

Further, even if the first fire did not endanger persons as Appellant contends, the record demonstrates that Appellant set the second fire within minutes after the first, and that the first fire was determined to be a secondary ignition point or point of origin. Under the circumstances of this case, we conclude that there was sufficient evidence to prove that Appellant set a fire while his wife was present inside the home, and that the combination of the first and second fires clearly endangered first responders. For these reasons, Appellant's sufficiency of the evidence challenge to his conviction for aggravated arson—person present inside property fails.

## Legality of Sentence

Appellant, in his third and fourth issues, asserts that the trial court imposed illegal sentences because the trial court should have merged the sentences for arson—danger of death or bodily injury and aggravated arson—person present inside property, and it lacked the authority to impose domestic violence conditions to his sentence.

The principles governing our review are well settled. "[A] challenge to the legality of a sentence raises a question of law. In reviewing this type of claim, our standard of review is *de novo* and our scope of review is plenary." *Commonwealth v. Muhammed*, 219 A.3d 1207, 1211 (Pa. Super. 2019) (citations omitted).

## Legality of Sentence—Merger

Appellant argues that his sentences for arson—danger of death or bodily injury and aggravated arson—person present inside property should merge because his aggravated arson conviction included all of the elements of his arson conviction. Appellant's Brief at 27. Appellant emphasizes that the trial court instructed the jury that if it found Appellant guilty of arson, it had to find Appellant guilty of aggravated arson. *Id.* at 28-29. According to Appellant, "because the entire offense of arson endangering persons is an element of aggravated arson, the offenses must merge for sentencing." *Id.* at 27-28.

The Commonwealth responds that Appellant committed two separate acts: lighting the first fire in the presence of his wife and then lighting the second fire in the upstairs bedroom. Commonwealth's Brief at 9-10. The

Commonwealth continues that it charged "and demonstrated by the evidence [that Appellant] engaged in multiple, distinct criminal acts and his convictions for arson—danger of death or bodily injury [and] aggravated arson—person present insider property were not predicated upon a single criminal act." *Id.* at 10. Therefore, the Commonwealth concludes that a merger analysis of the elements of the offense is not required and that no relief is due. *Id.* at 11.

Section 9765 of the Sentencing Code states:

> No crimes shall merge for sentencing purposes unless the crimes arise from a single criminal act and all of the statutory elements of one offense are included in the statutory elements of the other offense. Where crimes merge for sentencing purposes, the court may sentence the defendant only on the higher graded offense.

42 Pa.C.S. § 9765.

Our Supreme Court has explained that Section 9765 "prohibits merger unless two distinct facts are present: 1) the crimes arise from a single criminal act; and 2) all of the statutory elements of one of the offenses are included in the statutory elements of the other." *Commonwealth v. Baldwin*, 985 A.2d 830, 833 (Pa. 2009). "The preliminary consideration is whether the facts on which both offenses are charged constitute one solitary criminal act. If the offenses stem from two different criminal acts, merger analysis is not required." *Commonwealth v. Healey*, 836 A.2d 156, 157-58 (Pa. Super. 2003) (citation omitted).

To determine whether there is a single criminal act, we must examine the crimes as charged by the Commonwealth. *Commonwealth v. Jenkins*,

96 A.3d 1055, 1060 (Pa. Super. 2014); *see also Commonwealth v. Kimmel*, 125 A.3d 1272, 1277 (Pa. Super. 2015) (*en banc*) (considering the criminal complaint, criminal information, and affidavit of probable cause, and concluding that the Commonwealth established the factual predicates to avoid merger); *Commonwealth v. Martinez*, 153 A.3d 1025, 1032 (Pa. Super. 2016) (stating that because "neither the charging information nor supporting documents of record describe the operative facts in such a way as to distinguish the specific conduct underlying the offenses," we cannot conclude "that the offenses were based on two discrete criminal acts for purposes of avoiding merger at sentencing").

Instantly, we agree with the Commonwealth that Appellant's argument concerning the trial court's jury instruction and the elements of the crimes lacks merit. As discussed above, the trial evidence established that Appellant committed separate criminal acts by setting two fires. Therefore, we agree with the Commonwealth that Appellant's sentences for arson—danger of death or bodily injury and aggravated arson—person present inside property do not merge. *See Kimmel*, 125 A.3d at 1277; *cf. Martinez*, 153 A.3d at 1032. Accordingly, no relief is due.

### Legality of Sentence—Domestic Violence Conditions

Appellant last contends that the trial court did not have the authority to impose domestic violence conditions on his sentences. Appellant's Brief at 38. Appellant argues that the parole conditions for his sentences are under the jurisdiction of the Pennsylvania Department of Corrections and the Board of

Probation and Parole. ***Id.*** at 35-38. The Commonwealth agrees and concedes that relief is due. Commonwealth's Brief at 7, 15 (citing ***Commonwealth v. Mears***, 972 A.2d 1210 (Pa. Super. 2009)).

Initially, we note that this issue is arguably moot. As discussed previously, Appellant's conviction for causing a catastrophe cannot stand, and because the trial court sentenced him to a consecutive sentence for that offense, we vacate all of the sentences, including the domestic violence conditions, and remand for resentencing. ***See Steele***, 234 A.3d at 848. In any event, we agree with Appellant and the Commonwealth that the trial court lacked the statutory basis to impose conditions on Appellant's incarceration and possible parole from a sentence that is within the exclusive jurisdiction of the Department of Corrections and the Board of Probation and Parole, respectively. ***See Mears***, 972 A.2d at 1212.

**Conclusion**

For the foregoing reasons, we vacate Appellant's conviction for causing a catastrophe, affirm Appellant's convictions for arson—danger of death or bodily injury and aggravated arson—person present inside property. We further conclude that the trial court did not err in imposing separate sentences for arson—danger of death or bodily injury and aggravated arson—person present inside property. Lastly, given our disposition, the trial court's imposition of domestic violence conditions is moot at this juncture. In sum, we affirm in part and reverse in part, Appellant's convictions as discussed

herein and vacate the judgment of sentence and remand this matter to the trial court for resentencing.

Judgment of sentence vacated. Case remanded for resentencing. Application to compel dismissed as moot. Jurisdiction relinquished.

Judge Strassburger did not participate in the consideration or decision of this case.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 02/23/2022